ROLL v. CITY OF TROY.

1. EQUITY—EVIDENCE—APPROVAL OF PLAT.
   Decree granting relief to plaintiff property owners against city to compel latter to approve a plat notwithstanding it did not comply with city's zoning ordinance limiting minimum size of lots in area in which plaintiffs' plat was located to 30,000 square feet each, is reversed and case remanded, where decree was entered before proofs were taken.

2. COSTS—PUBLIC QUESTION—APPROVAL OF PLAT.
   No costs are allowed in suit by owners of a plat to compel defendant city to approve it, a public question being involved.

Appeal from Oakland; Beer (William John), J. Submitted October 12, 1960. (Docket No. 65, Calendar No. 48,547.) Decided December 1, 1960.

REFERENCES FOR POINTS IN HEADNOTES
[1] 19 Am Jur, Equity § 408.
[2] 14 Am Jur, Costs § 22.

Bill by Orville J. Roll and Cecilia Roll against the City of Troy, a municipal corporation, to declare zoning ordinance void as to their property and to compel approval of proposed subdivision plat. On motion following pretrial hearing decree entered for plaintiffs. Defendant appeals. Reversed and remanded for taking of proofs.

*Malcolm M. Heber,* for plaintiffs.

*Burke & Osgood,* for defendant.

KELLY, J.   Plaintiffs and appellees submitted to appellant city a proposed subdivision plat containing lots 15,000 square feet in area. Approval of their plat was refused because of the city zoning ordinance requiring that each lot must have a minimum of 30,000 square feet.

Application was made to amend the zoning ordinance to reduce the lot size requirement to 15,000 square feet and such amendment was approved by defendant city's planning commission, but denied by the city commission.

Plaintiffs filed their bill of complaint (August 25, 1959) in the circuit court for the county of Oakland, in chancery, alleging that the land was economically suited for development only if divided into building sites of not more than 15,000 square feet in area; that the zoning of the property of a minimum lot size of 30,000 square feet is unrealistic and that the zoning classification was established at a time when the property had no permanent sanitary sewage disposal facilities available; that the defendant's refusal to approve plaintiffs' plat is unreasonable, arbitrary, and capricious for the reason that said city has zoned the bulk of the property in the surrounding area adjacent to plaintiffs' land for lot sizes of 15,000 square feet; that such action on the part of

defendant city is arbitrary, unreasonable, and capricious and has no connection with the public health, safety, morals, or general welfare.

Defendant and appellant, city of Troy, filed its answer (September 16, 1959) denying plaintiffs' allegations. We quote from appellant's brief as follows:

"The zoning ordinance is formulated on the basis of the concept of the so-called 'neighborhood unit.' It should be noted that the neighborhood units are much smaller in the southeast corner of the city. and larger in the northwest corner. This type of comprehensive zoning plan makes available to the residents of the city and to any newcomers, a variety of lot sizes; thus, the individual may select according to his taste, desires and economic ability. The lot sizes range from 7,500 square-foot lots in the southeast corner, to 30,000 square-foot lots in the northwest corner. A fundamental purpose of zoning is the preservation of the character of a neighborhood. An examination of defendant's exhibit 'D' indicates that the subject property lies in the middle of the west one-half of section 18 in the city of Troy. Abutting the subject parcel to the south is Meadowlane subdivision, which is fully improved with residences on an average lot area of 31,000 square feet. To the south of, and extending to Wattles road is Pinehill subdivision. This subdivision is entirely built up with residences on lot areas averaging 35,000 square feet. To the north of the subject parcel lies Countryside Estates subdivision. This subdivision is improved with residences on lot sizes averaging 50,000 square feet. * * *

"It cannot be too strongly emphasized that the zoning of the subject parcel constitutes an integral part of a comprehensive zoning plan. In Michigan, the creation of a master plan is a proper exercise of the police powers by a municipality."

No proofs were taken in this case. The transcript of proceedings discloses that during the morning of

September 15, 1959, the court discussed the problem with counsel and adjourned the morning session with the statement: "We will recess at this time and reconvene at 2 o'clock and at that time the court will prepare the pretrial statement."

When the court reconvened at 2 p.m. on the same day, the court dictated a pretrial statement, which was later typed, and filed the following September 23d. The court said that "the pretrial statement may show that experts on each side may not exceed 4 in number."

At the conclusion of the dictation of the pretrial statement, plaintiff moved "for a decree upon the pleadings and the opening statement of counsel and the pretrial statement." Defendant moved that such motion be denied.

The court recessed until 4 p.m. on the same day (September 15, 1959), at which time the court ruled:

"The plaintiffs may have a decree in accordance with their motion and there must be reserved therein in suitable language, the proviso in connection with the establishment of adequate sewer facilities."

On October 30, 1959, defendant filed a motion for rehearing, which motion was denied on November 17th.

The court erred in denying defendant's motion for a rehearing and an opportunity to offer its proofs.

Defendant and appellant's prayer for relief, namely: That the decree be set aside, is granted and the case is remanded to take proofs.

Reversed and remanded. No costs, a public question being involved.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.