ROLL *v.* CITY OF TROY.

1. Municipal Corporations—Reasonableness of Zoning Ordinances.
    Determination of the reasonableness of a municipal zoning ordinance must be made in the light of the facts presented in each case.

2. Same—Reasonableness of Zoning Ordinance—Depreciation in Value.
    Mere depreciation in value by itself is not enough in testing a zoning classification in a municipal ordinance to hold it unreasonable.

3. Same—Comprehensive Zoning Plans.
    Comprehensive municipal zoning plans, like all others, must meet the test of reasonableness.

4. Same—Zoning Ordinances—Minimum Lot Size.
    Finding of trial court that municipal zoning ordinance providing for a minimum area of 30,000 square feet per lot in parcel plaintiffs sought to subdivide was unconstitutional under present conditions, because it was unnecessary to have such a large minimum area *held,* proper.

5. Same—Zoning—Legislative Function—Proposed Ordinances.
    Zoning is a legislative function, hence, provision of trial court's decree empowering plaintiffs to subdivide their property in accordance with zoning ordinance which they proposed was unauthorized, the court having no duty, right, or obligation to undertake to pass upon the reasonableness of proposed zoning that is not yet the subject of an ordinance.

References for Points in Headnotes
[1, 2]  58 Am Jur, Zoning §§ 21, 22.
[3]  58 Am Jur, Zoning §§ 21, 22, 27.
[4]  58 Am Jur, Zoning § 52.
[5]  58 Am Jur, Zoning §§ 259–261.
[6]  14 Am Jur, Costs §§ 10, 14.

6. COSTS—NEITHER PARTY PREVAILING ENTIRELY ON APPEAL.

 No costs are allowed in suit to declare zoning ordinance uncon-
  stitutional as applied to plaintiffs' property, where neither
  party has prevailed entirely on appeal.

SOURIS, J., dissenting.

Appeal from Oakland; Beer (William John), J.
Submitted June 13, 1962. (Calendar No. 49, Docket
No. 49,372.) Decided April 9, 1963.

Bill by Orville J. Roll, Cecilia J. Roll, Miner Roll
and Helen Roll, prosecuted only by latter 2 plain-
tiffs, against the City of Troy, a municipal corpora-
tion, to declare zoning ordinance void as to their
property and to compel approval of proposed sub-
division plat. Decree for plaintiffs. Defendant
appeals. Modified and affirmed.

*Maurice A. Merritt,* for plaintiffs.

*Stanley E. Burke,* for defendant.

SMITH, J. In 1958, plaintiffs purchased land in
defendant city desiring to subdivide the property
into residential lots. At the time of the purchase
the city had in force and effect a comprehensive
zoning ordinance which would, when applied to the
subject land, restrict the lots to a minimum of
30,000 square feet in area. Each lot was to be not
less than 150 feet in width and not less than 200
feet in depth. The plaintiffs wanted to subdivide
their property into lots of over 100 feet in width,
with an average depth of 150 feet, each lot thus
containing about 15,000 square feet.

The request for rezoning was denied and this
cause was instituted. Plaintiffs were granted a de-
cree on the pleadings and the pretrial procedure.
Motion for rehearing was denied. On appeal we
determined the trial court had erred and remanded

it to the trial court for the taking of proofs.* Upon completion, the trial court decreed:

"that section 14 of Ordinance No 23 of the city of Troy, Oakland county, Michigan, insofar as it pertains to the property of the plaintiffs as hereinafter described, is an unwarranted and illegal extension of the police power of the city and is unreasonable and void, and  *  *  *
"that the plaintiffs shall be, and they are hereby, authorized and empowered to use the said property for a residential subdivision in accordance with the proposed plat attached to plaintiffs' bill of complaint and there marked exhibit A; provided, however, that the plaintiffs shall, at all times, comply with all other valid existing ordinances of the city of Troy and with the statutes of the State of Michigan applicable to the platting and use of said land."

This same zoning ordinance, and section, but a different classification, was before the Court in the recent case of *Christine Building Company* v. *City of Troy,* 367 Mich 508. Many of the facts in that case and the questions posed are identical to the ones in the case at bar, and to the extent that they are identical, they are controlled by the decision in *Christine.* It must be noted that the Court is cognizant that 1 of the basic rules for testing the reasonableness of a zoning ordinance provides that the determination must be made in the light of the facts presented in each case. "Each zoning case must be determined upon its own facts and circumstances." *Moreland* v. *Armstrong,* 297 Mich 32, 36; *Senefsky* v. *City of Huntington Woods,* 307 Mich 728, 737 (149 ALR 1433).

Other principles to be employed reviewing the constitutionality of zoning ordinances have been set out in detail in *Christine* and cases cited therein and we see no need for repeating them now.

---

* *Roll* v. *City of Troy,* 361 Mich 540.—Reporter.

Plaintiffs contend that the zoning restriction of 30,000 square feet minimum as applied to their proposed platted subdivision "is *unreasonable* as it bears no substantial relationship to present public health, safety, morals or general welfare, and is confiscatory and discriminatory." In support of their claim, plaintiffs produced witnesses who testified in substance that the proper protection of health, welfare, and safety does not require compliance with the 30,000 square foot minimum. Without quoting specific testimony, these witnesses, who were experienced in the developing and marketing of subdivisions, and of appraising land and buildings, claim that substantially smaller lots would be ample to satisfy proper requirements as to health, sanitation, safety, and welfare. They testified further that there would be no harm or damage to the surrounding area by building on 15,000 square foot lots; that there would be no detrimental effect in the overall zoning plan of the entire city; that the change to 15,000 square feet minimum would bring the property in question in line with property immediately adjacent to the east and to the south; and that other property surrounding the plaintiffs' did not come up to the present minimum zoning requirements. Proofs also showed that other property close to that of plaintiffs had been rezoned from a minimum size area of 30,000 square feet to 15,000 square feet. Testimony tended to show that the plaintiffs' property today, as presently zoned, was not worth the amount paid for it, and that this zoning requirement would make it economically unsound to develop the property. It is true that "mere depreciation in value by itself is not enough. The test is whether the zoning classification is *unreasonable*." (Emphasis supplied.) *Moreland* v. *Armstrong, supra,* 36; *City of Howell* v. *Kaal,* 341 Mich 585, 590.

To support their position that the ordinance was a valid exercise of legislative power, the city asserts the following:

"A. The mere disparity in value of property resulting from the adoption of a zoning ordinance is insufficient to establish that such ordinance is *unreasonable,* especially where the owner of the property admittedly paid an excessive price for said property in anticipation of a change in zoning that would increase the value of the property.

"B. The present zoning, as applied to the subject parcel, tends to preserve the established character of the neighborhood, stabilizes the value of property therein and promotes the general welfare.

"C. The minimum lot size requirement of 30,000 square feet, as applied to the subject parcel, constitutes an integral part of the comprehensive zoning plan of the city of Troy and therefore bears a real substantial relation to the public health, safety and general welfare.

"D. Comprehensive zoning plan of the city of Troy, as applied to the subject parcel, promotes the orderly development of the city and safeguards the city's economic structure.

"E. Present zoning of the subject parcel will create the maximum density of population that can be serviced by available sanitary sewers."

Nothing in the majority opinion in *Christine* should be construed as indicating that this Court is insensitive to the need for comprehensive municipal zoning plans, but these, like all others, must meet the test of reasonableness.

With regard to the available sewage disposal system, defendant's witness, a civil engineer, stated that, at the present, there was sufficient sewer capacity to meet the needs of the plat proposed by plaintiffs but that if present zoning were not maintained, overloading of sewer facilities might occur at some later date. (The sewage system was the same Ever-

green interceptor discussed in *Christine,* capable of serving 21,300 people in 6,000 housing units. At the time of trial there was a small fraction of the anticipated population, and "Roughly a thousand units".)

The trial judge found that "the plaintiffs have overcome the presumption favoring the city of Troy, and that the plaintiffs by a fair preponderance of the evidence and proofs have clearly established there is no real need for this zoning and * * * the plaintiffs have clearly proven that under the present conditions it is unconstitutional."

We are in accord with the finding of the trial judge and conclude that the section of the ordinance as applied to plaintiffs' property is unconstitutional.

One other question remains to be considered: "Where the court has decided that a provision of the municipal zoning ordinance covering the zoning of a minimum lot size is unreasonably large and therefore void, does it then have the right to assume the role of a municipal legislator and impose upon the subject parcel a smaller lot size?"

As can be seen from the decree of the trial judge hereinabove set out, plaintiffs were empowered to use their property in accordance with the proposed plat, therefore the minimum size was established at 15,000 square feet.

This Court agreed with the trial judge in *Christine* 515, 516, that he had no legal duty, right, or obligation to undertake to pass upon the reasonableness of proposed zoning that is not yet the subject of an ordinance. Recognizing that zoning is a legislative function we affirm the principle that courts cannot write zoning laws. The trial court's decree is modified by striking therefrom that portion authorizing and empowering plaintiffs to use the property as proposed in the plat. In all other respects the decree is affirmed. No costs, neither party having prevailed entirely.

CARR, C. J., and DETHMERS, KELLY, BLACK, and
KAVANAGH, JJ., concurred with SMITH, J.

SOURIS, J. (*dissenting*). Plaintiffs purchased the
land involved in this litigation knowing it was zoned
for single family residence use and that lots were
required to have a minimum area of 30,000 square
feet. Prior to their purchase of the land, plaintiffs
submitted to defendant city for its approval a pro-
posed subdivision plan, which plan divided the land
into residential lots containing a minimum of 15,000
square feet. Notwithstanding the city's refusal to
approve their plan, plaintiffs nonetheless purchased
the land hoping, indeed speculating, that the prop-
erty would be rezoned.

Defendant's comprehensive zoning ordinance
which is involved in this case was before the Court
last September in *Christine Building Company* v.
*City of Troy,* 367 Mich 508. In that case Mr. Justice
KELLY and I joined former Justice ADAMS in protest-
ing this Court's refusal to acknowledge the right
of a city to make long-term comprehensive plans
for its present and future development, as seems
clearly authorized by sections 6 and 7 of PA 1931,
No 285, as amended (CL 1948, §§ 125.36, 125.37
[Stat Ann 1958 Rev §§ 5.2996, 5.2997]). We said, in
dissent, in *Christine,* at pp 524–526:

"If the present zoning must be altered by a hold-
ing that it is unreasonable, then a point of attack
upon the city has been established whereby any
subdivider will be able to abrogate the city's resi-
dential zoning program except as to an absolute
minimum lot size. A cancerous situation will result
which will permit almost any city plan to be de-
stroyed piecemeal without any examination or con-
sideration of the over-all city plan, even though the
reasonableness of such plan has been virtually con-
ceded by the failure of the plaintiffs to present any

testimony in opposition thereto. See *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, 436.

"The criteria used by the city for lot size within various areas of the city has been the general character of the neighborhood, the facilities available, or to be made available. The criteria contended for by the plaintiffs is the absolute minimum in terms of sanitation, salability and profitability, regardless of whether or not there is a resulting depreciation in the neighborhood and in adjacent properties, and regardless as to whether or not there are any problems created in terms of traffic hazards, school congestion, inadequate water supply, or otherwise. If problems develop in these areas, this is no concern of plaintiffs. . If more schools are needed, or more sewers, or more roads, they *can* be built even though as a financial matter they may be completely unfeasible. This will be a proper concern not for these plaintiffs, who will long since have 'developed' the properties, but for the purchasing homeowners who have been left holding the tax bag.

"Whether or not the city of Troy has developed a reasonable plan for that city, or the plan is faulty, is not the question here at issue. The undisputed facts are that the city under expert, professional engineers has planned its future as best it could, in the light of present knowledge, full well realizing that such a plan may have to be altered and that it may not succeed as now envisioned. With a population of 19,000, Troy made plans for a city of 134,000. All economic groups are afforded an opportunity to share in the growth and the life of the city. Under these circumstances, it cannot be said that the city has gone beyond the powers and authority conferred upon it by the legislature of this State under the city planning act and the city zoning act.

"Support for the views herein expressed can be found in the cited statutes and in the recent cases of *Northwood Properties Co.* v. *Royal Oak City Inspector,* 325 Mich 419; *Scholnick* v. *City of Bloomfield Hills,* 350 Mich 187; and *Brae Burn, Inc.,* v.

*City of Bloomfield Hills, supra.* The critical question is whether or not a municipality may make plans for its future as an organic whole. Or is any such planning subject to destruction because a property viewed separately, even though it is an integral part of that whole, would create no immediate hazard to health and welfare if developed with minimum lot sizes. In my opinion, the general welfare would best be served by orderly planning and zoning by the body corporate. Restrictions as to lot size are no more outside the bounds of local legislative discretion than the zoning of one area for factories to the exclusion of a residential use. *Lamb* v. *City of Monroe,* 358 Mich 136."

The Christine Building Company, on majority vote of this Court, succeeded in establishing a "point of attack" upon the city's comprehensive zoning ordinance. The Rolls today seek to extend the attack on proofs demonstrating only that they paid more for their property than they should have, present zoning limitations considered.

I would reverse this decree and call a halt to invocation of this Court's power to "sit as a super-zoning commission." *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, 430, 431.

BLACK, J. (*concurring*). I agree with the majority opinion, noting specially that the minimally zoned lot size (30,000 square feet of area per lot) is not currently defended on ground that the municipal purpose is—in whole or in part—that of promoting disposition of sanitary sewage on the homeowner's lot by means of a septic tank or tanks and properly installed tile fields leading therefrom; a purpose manifestly requiring much larger residential lots.

Such a purpose, if supported by due proof, might insulate a like ordinance from judicial criticism. I simply allude to it the better to limit the intended

scope of our present determination that Troy's ordinance, scrutinized in the light of all briefed and submitted issues, must fall as in the *Christine Case.*

O'HARA, J., took no part in the decision of this case.