DUNK v BRIGHTON TOWNSHIP

1. EQUITY—DE NOVO REVIEW—FINDINGS OF TRIAL COURT.

Equity cases are reviewed *de novo* on the record on appeal but the Court of Appeals will not ordinarily disturb the findings of the trial court unless, after an examination of the entire record, it reaches the conclusion that it would have arrived at a different result had it been in the position of the trial court.

2. ZONING—ORDINANCES—MINIMUM LOT SIZES—REASONABLENESS—BURDEN OF PROOF.

Plaintiff landowners carried their burden of proving that a township zoning ordinance which required minimum lot sizes of 40,000 square feet in respect to their property did not bear a real and substantial relationship to the public health, safety, morals, or general welfare where the preexisting ordinance provided for 15,000 square foot minimum lot sizes, where the new ordinance was not in conformity with the township's formally adopted master plan, where the plaintiffs put on the record letters, minutes, and other documents showing approval of their request to rezone by the township's planning consultant, the township planning commission, and the county planning and zoning committee, and where, despite the defendant township's contention that there were potential soil problems with septic tanks on the plaintiffs' proposed 15,000 square foot lots, the record was barren of any proof that would support such a contention; therefore, the ordinance was unreasonable as it applied to the plaintiffs' property.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 January 8, 1974, at Lansing. (Docket No. 16084.) Decided March 7, 1974. Leave to appeal denied, 392 Mich 760.

Complaint by Alfred W. Dunk and others

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Equity §§ 266, 267.
[2] 58 Am Jur, Zoning § 52.

against the Township of Brighton to have the defendant's zoning ordinance declared unconstitutional as applied to plaintiffs' property. Judgment for defendant. Plaintiffs appeal. Reversed and remanded with instructions.

*Williams, Schaeffer, Ruby & Williams,* for plaintiffs.

*Charles S. Toy,* for defendant.

Before: QUINN, P. J., and DANHOF and ALLEN, JJ.

PER CURIAM. By complaint filed September 24, 1971, plaintiffs sought to have defendant township's zoning ordinance, adopted August 18, 1971, declared unconstitutional as it applied to their property. From a final judgment of the trial court declaring the ordinance valid and reasonable as it applied to plaintiffs' property, plaintiffs appeal. We reverse.

Plaintiffs are the owners of certain contiguous parcels of land located in sections 22 and 23 of the Township of Brighton, Livingston County, Michigan. The land in question totals approximately 140 acres and was originally a part of a larger tract platted in 1958 by plaintiff Percy Gardhouse on the basis of 15,000 sq. ft. lots in conformity with the then existing zoning ordinance. Gardhouse thereafter completed development of the first Lake Moraine subdivision immediately northeast of the land in question.

In September of 1970, a future land use plan, which was to serve as a guide for the development of Brighton Township, was completed by Vilican-Leman & Associates, Inc., the township's planning consultant. The plan was formally adopted by the

Brighton Township Board. The plan recommended that the land in question remain zoned for single-family use with lot sizes to remain at a minimum of 15,000 sq. ft. The plan took into consideration such factors as growth potential, traffic patterns, sewer and water problems, current availability of housing, etc. On May 27, 1970, the township board adopted a new zoning ordinance which followed the master plan. That ordinance did not change the zoning of plaintiffs' property. The new ordinance was, however, defeated in public referendum held in November of 1970. The effect of the vote was to reinstate the preexisting ordinance. Plaintiffs' property remained zoned single-family residential with 15,000 sq. ft. minimum lot sizes.

For purposes of drafting recommendations for a new zoning ordinance, the township board appointed a citizen's committee. Following its recommendations, the township board adopted the ordinance in litigation on August 18, 1971. The new ordinance had the effect of imposing 40,000 sq. ft. minimum lot sizes on plaintiffs' property.

Plaintiffs filed suit. After a meeting with the township attorney, plaintiffs agreed to seek through normal channels rezoning to the original 15,000 sq. ft. lot requirement without jeopardizing any rights in a future judicial determination should they fail. In response to plaintiffs' petition to rezone, Vilican-Leman wrote the township planning commission on November 19, 1971 fully recommending the proposed rezoning as consistent with the township's lawfully adopted master plan. After several hearings before the township planning commission, plaintiffs revised their request and agreed to accept a 20,000 sq. ft. minimum lot size requirement. The township planning commission voted unanimously to approve plaintiffs' re-

quest. Approval was also recommended by the Livingston County Planning and Zoning Committee. In response to concern that had been expressed about soil suitability for septic tank use, plaintiffs caused soil borings to be made. At a meeting of the township board held April 19, 1972, plaintiffs read to the board a letter from Mr. David Ahrendt, Director of Environmental Health, Livingston County Health Department. The letter stated that soil test results indicated that the property in question was suitable for subdivision development. Nevertheless, on that date and despite all of the recommendations discussed above, the Brighton Township Board voted to reject plaintiffs' request for rezoning.

Equity cases are reviewed *de novo* on the record on appeal. However, this Court will not ordinarily disturb the findings of the trial court unless, after an examination of the entire record, it reaches the conclusion that it would have arrived at a different result had it been in the position of the trial court. *Christine Building Co v City of Troy,* 367 Mich 508; 116 NW2d 816 (1962). Upon the record before us, we find that plaintiffs carried their burden of proving that the ordinance in question, in respect to their property, did not bear a real and substantial relationship to the public health, safety, morals, or general welfare.

The question of the reasonableness of zoning ordinances regulating minimum lot size is not a new one in this state. *Christine Building Co, supra; Roll v City of Troy,* 370 Mich 94; 120 NW2d 804 (1963); *Padover v Farmington Twp,* 374 Mich 622; 132 NW2d 687 (1965). In *Christine, supra,* the Supreme Court upheld the trial court's determination that imposition of a 21,780 sq. ft. minimum lot size requirement on the plaintiffs' property was

unconstitutional. In *Roll, supra,* the Court upheld the trial court's finding that a 30,000 sq. ft. lot requirement in respect to the plaintiffs' property was unconstitutional. In both *Christine* and *Roll,* the test of reasonableness hinged on the ordinances' relationship to existing conditions. In the *Padover* case, the separate opinions of Justices ADAMS and SMITH indicated that it was a permissible exercise of the police power to base a zoning ordinance upon conditions that would occur in the reasonably ascertainable future.

In this case, we need not confront the issue of whether the test of reasonableness can relate to future as well as existing conditions. See *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969), and *Kropf v Sterling Heights,* 41 Mich App 21; 199 NW2d 567 (1972). In this case, testimony and evidence presented at trial conclusively show that there was no legitimate reason to impose upon plaintiffs a 40,000 sq. ft. minimum lot size requirement. Plaintiffs proved that the ordinance, as it applies to their property, was not in conformity with the township's formally adopted master plan. They put on the record letters, minutes, and other documents showing approval of their request to rezone by the township's planning consultant, the township planning commission, and the Livingston County Planning and Zoning Committee. In his opening statement, defense counsel opined that the township's refusal of plaintiffs' request to rezone was due to (1) rejection by the electorate of the May, 1970 ordinance, and (2) potential soil problems with septic tanks on the proposed 15,000 sq. ft. lots. However, the record is barren of any proof that would support defendant's contention of potential septic tank problems. Among the witnesses who testified for plaintiffs at trial was Mr.

David Ahrendt. Mr. Ahrendt stated that the pro-
posed 15,000 sq. ft. lots would present no danger to
the health, safety, or welfare of the township
residents. He testified that any development of a
parcel equivalent in size to the property in ques-
tion might entail some lots that would not be
suitable for septic tank sewage disposal; but he
stated that the health department had authority
to prevent construction on those lots. Further-
more, he testified that increasing lot sizes from
15,000 to 40,000 sq. ft. would not necessarily rem-
edy percolation problems, if indeed such problems
were to occur.

We hold that the above evidence and testimony
presented a prima facie case that the ordinance in
question was unreasonable as it applied to the
subject property. We hold further that defendant's
only witness did not overcome plaintiffs' prima
facie case. Defendant offered the testimony of the
Brighton Township Clerk who stated that her
reason for voting against plaintiffs' request for
rezoning was that there had been some drainage
problem in the existing first Lake Moraine subdivi-
sion and that the ordinance had become controver-
sial, with the citizen's committee recommending a
minimum 40,000 sq. ft. lot requirement.

Cause reversed and remanded to the trial court
for entry of judgment not inconsistent with this
opinion. No costs, a public question being involved.