A & B ENTERPRISES v MADISON TOWNSHIP

Docket No. 126151. Submitted May 7, 1992, at Lansing. Decided September 17, 1992; approved for publication November 23, 1992, at 9:00 A.M. Leave to appeal sought.

A & B Enterprises brought an action in the Lenawee Circuit Court against Madison Township and its supervisor, alleging that the township board's denial of the plaintiff's request for the rezoning of its realty from a classification allowing agricultural use only to one allowing use as a mobile home park was arbitrary and capricious and violated substantive due process. Following a bench trial at which the issue of damages was reserved for later decision, the court, John C. Timms, J., issued a judgment for the plaintiff. The court subsequently denied the defendants' motion for summary disposition of the issue of damages. The defendants appealed by leave granted.

The Court of Appeals *held:*

An appellate court, in reviewing a zoning ordinance challenged on substantive due process grounds, presumes the ordinance to be valid, considers that the challenger must prove that the ordinance is an arbitrary and unreasonable restriction on use of the property, and gives considerable weight to the findings of the trial court. In this case, the plaintiff failed to establish, and the trial court erred in concluding, that the zoning ordinance, as applied to the plaintiff's realty, was arbitrary and capricious. The plaintiff also failed to rebut the presumption that the ordinance is valid.

Reversed and remanded for entry of judgment for the defendants.

*Walker, Watts & Jackson* (by *William H. Walker*), for the plaintiff.

*DesChenes & Lucas, P.C.* (by *Frederick Lucas*), for the defendants.

Before: WAHLS, P.J., and MARILYN · KELLY and REILLY, JJ.

Per Curiam. This is a zoning ordinance case. Defendants appeal from a judgment requiring them to rezone plaintiff's property for use as a mobile home park and denying their motion for summary disposition on the issue of damages. Defendants argue on appeal that the trial court erred in ruling that their decision to deny plaintiff's rezoning request was arbitrary and capricious. They assert, also, that plaintiff should not be entitled to damages, since the zoning ordinance did not deprive it of substantially all of the land's value. We reverse the circuit court order and remand for entry of judgment for defendants.

Plaintiff purchased the real property in question knowing that it was zoned agricultural and that the township's land use plan called for its continuing use to be agricultural. Plaintiff petitioned to rezone the property to permit development of a mobile home park. The Madison Township Planning Commission recommended that the petition be denied. The Lenawee County Planning Commission reviewed plaintiff's development plan and referred it to the Region 2 Planning Commission. That commission conditionally approved the plan, recommending changes in it. Plaintiff withdrew the petition and submitted a revised plan incorporating the changes recommended by the Region 2 staff.

Following a public hearing, the township planning commission unanimously recommended that the Madison Township Board deny the petition. The members of the county planning commission were unable to agree and returned the petition to the township without recommendation. The township board denied the rezoning request.

Plaintiff brought suit in the circuit court. The judge there ruled that the township board had acted unreasonably and capriciously and had de-

nied plaintiff equal protection of the law by rejecting the rezoning petition. He denied defendants' motion for summary disposition on the issue of damages, ruling that a temporary taking which results from an arbitrary and unreasonable zoning decision is a compensable taking.

I

In order to successfully challenge a zoning ordinance, a plaintiff must prove (1) that there is no reasonable governmental interest being advanced by the present zoning classification, or (2) that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area under consideration. *Kropf v Sterling Heights,* 391 Mich 139, 158; 215 NW2d 179 (1974); *Albright v Portage,* 188 Mich App 342, 351-352; 470 NW2d 657 (1991). A zoning ordinance challenge may be based on a claim that substantive due process was violated or that the ordinance as applied is a confiscatory taking without compensation. *Hecht v Niles Twp,* 173 Mich App 453, 458; 434 NW2d 156 (1988).

Plaintiff in this case challenges the ordinance on substantive due process grounds. Judicial review of such a challenge requires application of three rules: (1) the ordinance is presumed valid; (2) the challenger has the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; that the provision in question is an arbitrary fiat, a whimsical ipse dixit; and that there is not room for a legitimate difference of opinion concerning its reasonableness; and (3) the reviewing court gives considerable weight to the findings of the trial judge. *Hecht,* 459-460.

## II

The trial court here concluded that the denial of the rezoning request was arbitrary and capricious. One reason advanced for this ruling was the court's belief that maintaining the tract of land for farming was unreasonable. This finding was clearly erroneous. The property was being actively farmed at the time of the rezoning denial and at the time of trial. James Holtz testified that the planning commission heard testimony that the land in question was an "excellent piece of farmland." The fact that defendants rezoned other property in the area from agricultural to residential is not material to this dispute. Those zoning reclassifications were to a lower density, single-family residential classification, not to the higher density reclassification sought by plaintiff.

The trial court concluded that the zoning ordinance constituted a denial of equal protection of the law and was arbitrary and capricious, since it "effectively excludes" mobile home parks. However, plaintiff failed to prove that the township precluded the possibility of rezoning other suitable land for mobile home development. See *Kirk v Tyrone Twp,* 398 Mich 429, 443; 247 NW2d 848 (1976).

Defendants' master land use plan provides for the development of additional mobile home parks. Merely because plaintiff's planned park met some of the conditions in the township's plan for a park does not render defendants' decision to deny the rezoning petition arbitrary and capricious. The proposed use was allegedly incompatible with surrounding agricultural and single family residential uses. The board believed that a mobile home development would be better supported in areas planned for higher density, where existing commercial facilities and major roads were located.

III

Another reason for the trial court's conclusion that the denial of the rezoning petition was arbitrary was its belief that the township board placed too much emphasis on public opposition. A petition containing 374 signatures opposing the rezoning request was presented to the township planning commission. The purpose of the Township Rural Zoning Act would be defeated if a township board could not consider public opposition to a proposed rezoning classification. MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.* The act requires a public hearing and notice to affected and neighboring property owners on any proposal for rezoning. MCL 125.284; MSA 5.2963(14); MCL 125.279; MSA 5.2963(9).

We conclude that the plaintiff has failed to meet its burden of proving that the zoning ordinance as applied to it was arbitrary and capricious; it has failed to rebut the presumption that the ordinance is valid.

Our disposition of this issue renders defendant's remaining issue moot.

Reversed and remanded for entry of judgment in favor of defendants.