## SCOTS VENTURES, INC v HAYES TOWNSHIP

Docket No. 163657. Submitted January 11, 1995, at Grand Rapids. Decided August 8, 1995, at 9:00 A.M. Leave to appeal sought.

Scots Ventures, Inc., brought an action in the Charlevoix Circuit Court against Hayes Township, challenging the constitutionality of a zoning ordinance that classifies the plaintiff's property as agricultural and that requires lots of at least ten acres in size if the property is used for single-family residential units. Following a bench trial, the court, Frederick R. Mulhauser, J., entered a judgment upholding the zoning classification. The plaintiff appealed.

The Court of Appeals *held:*

The requirement of a minimum lot size of ten acres violates substantive due process. The stated governmental interest of farmland preservation is not advanced in this case in view of the use of adjacent land as a golf course and prior use of the property at issue *as* a golf and recreational area. Even assuming that the plaintiff's property is farmland, the ten-acre minimum is arbitrary and capricious in light of testimony that such a minimum would not be sufficient to preserve farmland. The ten-acre minimum also fails to bear a reasonable relationship to the goal of preserving the rural character of the area inasmuch as the defendant's comprehensive zoning plan recognized that a five-acre minimum, which the plaintiff would accept, serves to achieve the goal of preserving the rural character of the township.

Reversed.

GRIFFIN, J., dissenting, stated that the trial court did not err in ruling that the plaintiff had failed to sustain its burden of proving that the zoning classification was unreasonable or arbitrary. The ten-acre minimum is consistent with the legitimate planning objective of maintaining rural character.

ZONING — ORDINANCES — DUE PROCESS.

A plaintiff challenging a zoning ordinance on due process grounds

REFERENCES

Am Jur 2d, Zoning and Planning § 42.

See ALR Index under Due Process; Zoning.

must establish that there is no reasonable governmental interest being advanced by the zoning classification or that the ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question.

*O'Leary, O'Leary, Jacobs, Mattson & Perry, P.C.* (by *John P. Jacobs*) and *Cline, Cline & Griffin* (by *Walter P. Griffin*), for the plaintiff.

*James G. Young,* for the defendant.

Before: MacKenzie, P.J., and Griffin and Neff, JJ.

MacKenzie, P.J. Plaintiff appeals as of right from a judgment upholding the constitutionality of defendant's A-1 zoning classification. We reverse.

Plaintiff is a Florida corporation that owns approximately 726.23 acres of real estate in Hayes Township. Plaintiff's land is zoned A-1, or agricultural, under defendant's zoning ordinance. The ordinance requires property zoned as agricultural to have a minimum lot size of ten acres for the single-family residential use desired by plaintiff.

On August 4, 1989, plaintiff requested that its property be rezoned RR-1. Unlike the agricultural classification, the RR-1 or rural residential zoning classification requires a minimum lot size of five acres for each single-family residential unit.

On August 6, 1990, the Hayes Township Board voted to grant plaintiff's request to change the zoning classification from A-1 to RR-1. A group of Hayes Township citizens subsequently petitioned for a referendum on the decision of the township board, however. On November 6, 1990, a general election was held in which the voters rejected the rezoning by a vote of 307 to 219. As a consequence, plaintiff's property reverted to its original agricultural zoning classification.

On May 6, 1991, plaintiff filed suit against defendant, claiming that the agricultural zoning classification is unconstitutional because it does not bear a reasonable relationship to public health, safety, or welfare. Following a bench trial, the trial court upheld the zoning classification, ruling that it is reasonably related to the township's stated goal of preserving its rural character.

We review de novo a trial court's ruling on a constitutional challenge to a zoning ordinance. *English v Augusta Twp,* 204 Mich App 33, 37; 514 NW2d 172 (1994); *Guy v Brandon Twp,* 181 Mich App 775, 778; 450 NW2d 279 (1989). In order to successfully challenge a zoning ordinance on substantive due process grounds, a plaintiff must establish:

> [F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself . . . or secondly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question. [*Kropf v Sterling Heights,* 391 Mich 139, 158; 215 NW2d 179 (1974).]

The question of the reasonableness of zoning ordinances regulating minimum lot size is not a new one in this state. *Dunk v Brighton Twp,* 52 Mich App 143, 146; 216 NW2d 455 (1974), citing *Christine Building Co v Troy,* 367 Mich 508; 116 NW2d 816 (1962); *Roll v Troy,* 370 Mich 90; 120 NW2d 804 (1963). In *Christine, supra,* the Supreme Court upheld the trial court's determination that imposition of a 21,780-square foot (one-half acre) minimum lot size requirement on the plaintiffs' property was unconstitutional. In *Roll, supra,* the Court upheld the trial court's finding that a 30,000-square foot (slightly over ⅔ acre) lot require-

ment in respect to the plaintiffs' property was unconstitutional. In *Dunk, supra,* this Court held that a 40,000-square foot (slightly under one acre) minimum lot size requirement did not bear a real and substantial relationship to the public health, safety, morals, or general welfare.

In this case, the trial court essentially found that the ten-acre minimum lot size requirement was a reasonable method of achieving the preservation of farmland and the area's rural character. In the factual context of this case, we disagree. One hundred acres adjacent to the property at issue is not used as farmland, but as an eighteen-hole golf course. Furthermore, during the ten years before plaintiff's acquisition of most of its property, the land was used as a golf and recreational area rather than as agricultural property or farmland. The goal of preservation of farmland has no meaningful application to this property.

Even assuming that plaintiff's property is aptly considered farmland, the evidence suggests that the ten-acre minimum was arbitrary and capricious. While there was testimony that a five-acre minimum lot size requirement would not be sufficient to preserve farmland, there was also testimony that the ten-acre minimum lot size requirement would likewise be insufficient. Given the deficiencies of both options, the imposition of the more burdensome ten-acre requirement is unreasonable.

The ten-acre minimum for a residential lot also fails to bear a reasonable relationship to the goal of preserving the rural character of the area. Defendant's own comprehensive zoning plan recognizes that zoning districts with the five-acre lot size requirement plaintiff sought provide a means of maintaining the rural character of lands no longer in agricultural use. Because a five-acre

minimum is capable of achieving the township's goal of preserving the rural character of the community, the imposition of a more burdensome ten-acre minimum is clearly arbitrary, capricious, and unreasonable.

The ultimate question in a substantive due process challenge to a zoning ordinance is whether its requirements are reasonable. *Roll, supra.* This case presents a situation in which the township's interest in preserving "farmland" can be more accurately characterized as an interest in preventing further development of an area that is already used for recreational and residential, rather than agricultural, purposes. The real motivations behind the facade of "public health and welfare" appear to be aesthetics, retention of "rural character," and a desire to exclude new homeowners from the township. We believe that plaintiff has met its burden of overcoming the presumption that the restriction on its property is valid and has established that the application of the ten-acre minimum lot size requirement to its property is unreasonable. Accordingly, we reverse.

Reversed.

NEFF, J., concurred.

GRIFFIN, J. *(dissenting).* I respectfully dissent. Plaintiff appeals as of right a judgment of the circuit court upholding the constitutionality of defendant's A-1 zoning classification. I would affirm.

Plaintiff challenges the constitutionality of the zoning ordinance on the basis of due process. In order to challenge a zoning ordinance on due process grounds, a plaintiff must establish:

[F]irst, that there is no reasonable governmental

interest being advanced by the present zoning classification itself . . . or secondly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question. [*Kropf v Sterling Heights*, 391 Mich 139, 158; 215 NW2d 179 (1974).]

In *A & B Enterprises v Madison Twp*, 197 Mich App 160, 162; 494 NW2d 761 (1992), this Court outlined the rules of judicial review of such a challenge:

(1) the ordinance is presumed valid; (2) the challenger has the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; that the provision in question is an arbitrary fiat, a whimsical ipse dixit; and that there is no room for a legitimate difference of opinion concerning its reasonableness; and (3) the reviewing court gives considerable weight to the findings of the trial judge.

Although both parties agree that the preservation of a community's rural character is a legitimate planning objective, they dispute the effectiveness of the township's zoning ordinance in achieving this goal. At trial, conflicting expert testimony was adduced by the parties on this point. Nevertheless, I agree with the lower court that plaintiff failed to carry its burden of proving that the ordinance was unconstitutional. One of plaintiff's own witnesses agreed that there is a legitimate difference of opinion among planners concerning the effectiveness of this type of zoning in preserving rural character. *A & B Enterprises, supra.*

The majority apparently concludes that the zoning classification is unreasonable because of permitted uses that include golf courses and recre-

ational areas. I disagree and view spacious and expansive areas for golfing and recreation as consistent with the objectives of the ordinance. The majority has mischaracterized the goal of the zoning classification as preserving farmland. The agreed-upon purpose of the zoning classification is to preserve the area's rural character, not necessarily farmland..

Regarding the ten-acre versus five-acre residential lot size, I find no constitutional violation. On this issue, the majority has simply substituted its judgment for that of the trier of fact. Findings of fact by a trial court should be reviewed with great deference and set aside only if clearly erroneous. MCR 2.613(C). In light of the contested facts adduced below, I find no clear error.

After thorough review, I conclude that the trial court did not err in ruling that plaintiff had failed to sustain its burden of proving that the zoning classification was unreasonable or arbitrary.