INDEPENDENCE TOWNSHIP v EGHIGIAN

Docket No. 92557. Submitted February 12, 1987, at Detroit. Decided April 29, 1987. Leave to appeal denied, 429 Mich —.

Defendants, Michael Eghigian and Kerry L. Eghigian, residents of Independence Township since 1969, began parking a 17,000-pound dump truck and performing maintenance on the truck on their residential property in Independence Township in 1971. At that time, Township Ordinance 51 made it unlawful to garage or park more than one commercial vehicle larger than a pickup or panel truck of one-ton capacity on a residential lot. In 1975, Ordinance 51 was superseded by Ordinance 83 which limits commercial parking in residential areas to trucks weighing less than 10,000 pounds. Also in 1975, defendants replaced their 17,000-pound dump truck with one weighing 27,000 pounds and possessing an additional axle. In 1977, defendants began parking a trailer "pup" at their home, which they used in conjunction with the dump truck. In 1985, the township brought an action in Oakland Circuit Court against defendants seeking injunctive relief and alleging various claims of nuisance regarding the parking and maintenance of the dump truck and trailer pup. Both parties filed motions for summary disposition, which the trial court, Robert L. Templin, J., granted. The trial court's judgment provided that Ordinance 51 did not prohibit the parking of a dump truck and that defendants possessed the right to continue their prior use, which had become nonconforming after the enactment of Ordinance 83. The judgment also provided that parking of the newer, heavier truck did not constitute an unlawful extension of defendants'

REFERENCES

Am Jur 2d, Motions, Rules, and Orders §§ 29 et seq.

Am Jur 2d, Zoning and Planning §§ 178 et seq.

Zoning: right to resume nonconforming use of premises after voluntary or unexplained break in the continuity of nonconforming use. 57 ALR3d 279.

Zoning: right to resume nonconforming use of premises after involuntary break in the continuity of nonconforming use caused by difficulties unrelated to governmental activity. 56 ALR3d 14.

See also the annotations in the Index to Annotations under Nonconforming Use.

vested, nonconforming use. However, the parking of the trailer pup was enjoined and the hours during which defendants could perform maintenance on the dump truck were limited. Both parties appealed.

The Court of Appeals *held:*

1. Under MCL 125.294; MSA 5.2963(24), a use of land which is in violation of a local ordinance is a nuisance per se. However, under MCL 125.286; MSA 5.2963(16), a use which is lawful at the time of the enactment of an ordinance may be continued even if the use is nonconforming under the new ordinance. In this case, Ordinance 51 unambiguously permitted the parking of one commercial vehicle regardless of its weight. Thus, summary disposition of plaintiff's nuisance per se claim was proper.

2. The continuation of a nonconforming use must be substantially of the same size and same essential nature as the use at the time of passage of a valid zoning ordinance. The trial court correctly ruled that the use of the newer truck, although the truck was substantially heavier and had an additional axle, was not an unlawful extension of defendant's nonconforming use.

3. The trial court erred in enjoining maintenance work on the dump truck except between the hours of 9:00 A.M. and 5:30 P.M. Ordinance 51 did not prohibit normal maintenance of a legally parked or garaged vehicle. However, a question remains whether defendants' activities constitute a nuisance per accidens, and the case was remanded for trial on this issue.

4. Defendant's nonconforming use is for the first, lighter dump truck. Thus, any replacement vehicles defendants purchase in the future, assuming plaintiff would contest their use, will have to be compared to that standard.

5. The trial court's judgment contains an express provision that it shall not be construed as precluding activities otherwise permissible under plaintiff's ordinances. Ordinance 83 permits the parking of commercial vehicles weighing less than 10,000 pounds. Thus, defendants' claim that the judgment can be construed to prevent them from parking two other vehicles was found to be without merit.

Affirmed in part, reversed in part, and remanded.

1. ZONING — NONCONFORMING USES.

A use of land which is lawful at the time of the enactment of a local zoning ordinance may be continued even if the use is nonconforming under the new ordinance (MCL 125.286; MSA 5.2963[16]).

2. Zoning — Nonconforming Uses.
  The continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance (MCL 125.286; MSA 5.2963[16]).

3. Courts — Judgments — Orders.
  A court speaks through its orders and judgments.

4. Zoning — Nonconforming Uses — Vesting.
  The critical point in vesting a nonconforming use is when a zoning ordinance is enacted (MCL 125.286; MSA 5.2963[16]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Gerald A. Fisher*), for plaintiff.

*Michael S. Freud,* for defendant.

Before: Danhof, C.J., and Weaver and J. M. Batzer,* JJ.

Per Curiam. Defendant appeals and plaintiff cross appeals from an order of summary disposition entered by the Oakland Circuit Court on April 30, 1986. The instant suit concerns efforts of plaintiff township to prevent defendants from parking a dump truck in the driveway of their home. Defendants' residence is located in an R-1A single-family residential district.

Defendants have lived in plaintiff township since 1969 at their current address. Beginning in 1971, defendants began parking a 1967 Ford dump truck, weighing 17,000 pounds, in their driveway. Defendants performed routine maintenance at their residence during the years that the truck had been parked there. One issue on appeal is whether the parking and maintenance of the 1967 vehicle was in violation of Township Ordinance 51, which was in effect prior to 1975. In 1975, Ordinance 51 was repealed and replaced by Ordinance

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

83. Ordinance 83 limits commercial parking in residential areas to trucks weighing less than 10,000 pounds. In 1975, subsequent to the effective date of Ordinance 83, defendants sold their 1967 Ford dump truck and replaced it with a dump truck weighing 27,000 pounds. Some time in 1977, defendants also began parking a trailer "pup" at their home, which they used in conjunction with the dump truck.

After various other attempts to prevent defendants from parking the dump truck and the pup on their property, plaintiff township instituted the instant complaint in 1985, alleging various claims of nuisance and requesting injunctive relief. Both parties filed motions for summary disposition pursuant to MCR 2.116(C)(10). Oral argument was heard on March 24, 1986, at which time the trial court partially granted both motions in an apparent resolution of the entire action. However, the parties could not agree upon the proposed judgment. On April 30, 1986, a hearing was conducted to settle the judgment. After the hearing was conducted, the judgment was entered immediately. It held that Ordinance 51 did not prohibit the parking of the dump truck and thus that defendants possessed the right to continue their prior use, which had become nonconforming after the enactment of Ordinance 83. The judgment also provided that parking of the newer heavier truck did not constitute an unlawful extension of defendants' vested, nonconforming use. However, the parking of the trailer pup was enjoined and the hours during which defendants could perform maintenance upon the dump truck were limited. Both parties appeal, raising several issues.

The first issue we address is plaintiff's contention that the trial court erred by denying plaintiff's motion for summary disposition on the basis

of nuisance per se. Under MCL 125.294; MSA 5.2963(24) a use of land which is in violation of a local ordinance is a nuisance per se. Under MCL 125.286; MSA 5.2963(16), a use which is lawful at the time of the enactment of an ordinance may be continued even if the use is nonconforming under the new ordinance. Plaintiff argues that the parking did not constitute a lawful use under the prior ordinance and thus does not qualify pursuant to MCL 125.286; MSA 5.2963(16) as a lawful, nonconforming use under the current ordinance.

Section 9.2 of Ordinance 51 provided:

> In residential zones it shall be illegal to garage or park more than one commercial vehicle larger than a regularly manufactured pickup or panel truck of one and one-half ton capacity per lot, said commercial vehicle must be owned and operated by a member of the family residing on said lot or parcel.

Plaintiff argues that this section does not expressly authorize the parking of defendants' dump truck, that this provision refers to commercial vehicles and defendants' truck is an industrial vehicle, that the provision is at least ambiguous, and that consequently the ordinance should be viewed as a whole and construed in a manner so as to effect its overall intent. Plaintiff points to the statement of intent which prefaces the ordinance which states that Ordinance 51 was enacted to encourage a suitable environment for families and to create a neighborhood environment. The provision also provides that "commercial and other uses, tending to be incompatible with the intent, are prohibited."

For several reasons, we are not persuaded by plaintiff's argument. While plaintiff contends that § 9.2 of Ordinance 51 should be construed in accor-

dance with its overall intent, plaintiff admitted in its complaint that the parking of defendants' truck was not in "technical violation" of Ordinance 51. Moreover, even though the grant of authority is by implication, we find that § 9.2 unambiguously permitted the parking of one commercial vehicle. Plaintiff's assertion that defendants' truck is an industrial vehicle and not a commercial vehicle is belied by § 5.08.02 of newly enacted Ordinance 83. Section 5.08.02 is the section which plaintiff asserts now expressly prohibits the parking of vehicles such as defendants' in residential districts. This section employs the term "commercial vehicles" and mentions nothing of "industrial vehicles." Thus, plaintiff's position would require us to conclude that the dump truck was an industrial, not commercial, vehicle under former Ordinance 51 but a commercial vehicle under Ordinance 83. There is nothing in either ordinance which would support such inconsistent definitions or indicate that the terms are not to be defined according to their common, everyday usage.

Plaintiff also argues that, even if defendants' prior use is found to be lawful, defendants' purchase of a larger truck after the effective date of Ordinance 83 was an unlawful extension of the nonconforming use. Plaintiff points out that defendants' prior truck had three axles while the current truck has four axles and that the prior truck weighed 17,000 pounds with a weight capacity of 48,000 pounds while the current truck weighs 27,000 pounds with a 57,000-pound capacity.

MCL 125.286(2); MSA 5.2963(16)(2) provides in pertinent part:

> The township board shall provide in a zoning ordinance for the completion, restoration, reconstruction, extension, or substitution of noncon-

forming uses upon reasonable terms set forth in the zoning ordinance. In establishing terms for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses different classes of nonconforming uses may be established in the ordinance with different requirements applicable to each class.

In *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978), lv den 403 Mich 812 (1978), this Court stated:

"It is the law of Michigan that the continuation of a nonconforming use must be substantially of the same size and same essential nature as the use at the time of passage of a valid zoning ordinance." *Dearden v Detroit,* 70 Mich App 163, 169; 245 NW2d 700 (1976), *Township of White Lake v Lustig,* 10 Mich App 665, 674; 160 NW2d 353 (1968).

In *Long Island Court Home Owners Ass'n v Methner,* 74 Mich App 383, 387; 254 NW2d 57 (1977), this Court stated:

"A 'nonconforming use' comprehends the physical characteristics, dimensions, or location of a structure as well as the functional use thereof or of the premises on which it is located . . . ." (Footnotes omitted.) 82 Am Jur 2d, Zoning and Planning, § 178, p 685.

In the instant case, while the defendants' present truck has one more axle and weighs more, it is substantially the same size as the former truck and serves the same purpose. Thus, we agree with the trial court that no unlawful extension occurred.

Turning to defendants' appeal, defendants argue that the trial court erred in granting summary disposition on the maintenance issue. We agree.

At first, the trial court appeared to find that defendants' maintenance was a nuisance based solely on the fact that defendants have used an air impact wrench on various occasions. Later, the court enjoined all maintenance except between the hours of 9:00 A.M. and 5:30 P.M.

Plaintiff's motion for summary disposition was brought on the theory that defendants' activities were in violation of its ordinance and thus constituted a nuisance per se pursuant to MCL 125.294; MSA 5.2963(24). Ordinance 51 did not prohibit normal maintenance of a legally parked or garaged vehicle. It also expressly allowed for "any use customarily incidental to the permitted principal use." Thus, it cannot be concluded that Ordinance 51 proscribed the maintenance of defendants' dump truck.

However, a question remains whether defendants' activities constitute a nuisance per accidens. Such a determination is a question of fact. See *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959). Accordingly, the question whether defendants' maintenance constitutes a nuisance per accidens is remanded for trial. On remand, defendants may raise the defenses they pled below, which they have asserted on appeal the trial court failed to consider.

Defendants also argue that the judgment entered does not conform to the trial court's ruling from the bench.

A court speaks only through its orders and judgments. *Safie Enterprises, Inc v Nationwide Mutual Fire Ins Co,* 146 Mich App 483, 491; 381 NW2d 747 (1985). In the instant case, a hearing was held to settle the judgment, the trial court ruled on the issues defendant now raises, and the trial court authorized the entry of judgment. Thus,

it is difficult to see how the judgment could not reflect the trial court's final decision. When multiple claims are before the court, MCR 2.604(B) permits the trial court to modify any form of decision prior to the entry of final judgment. We surmise that defendants' complaint is not that the trial court failed to adopt a judgment that reflects the court's ruling, but that the trial court ruled incorrectly on certain matters. The proper method to raise such concerns on appeal is to seek review of the order as written. To the extent that it can be construed that defendants are contesting portions of the final judgment, we will briefly address two of the arguments which still appear relevant in light of our disposition of the prior issues.

The critical point in vesting a nonconforming use is when a zoning ordinance is enacted. *Dingeman Advertising, Inc v Algoma Twp,* 393 Mich 89; 223 NW2d 689 (1974). Therefore, defendants' nonconforming use is for the 1967 Ford truck which they owned at the time Ordinance 83 took effect. Any replacement vehicles defendants purchase in the future, assuming that plaintiff would contest the use of new vehicles, will have to be compared to that standard to determine whether there is an unlawful extension of defendants' vested use. The trial court correctly noted that defendants' nonconforming use was for the lighter vehicle.

Defendants also complain that the judgment language could be construed to prevent them from parking two other vehicles at their residence. We disagree. The judgment contains an express proviso that it shall not be construed as precluding activities otherwise permissible under the township ordinance. Ordinance 83 permits the parking of commercial vehicles weighing less than 10,000 pounds, a class under which the other vehicles would fall.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.