EVELINE TOWNSHIP v H & D TRUCKING COMPANY

Docket No. 109927. Submitted July 11, 1989, at Grand Rapids. Decided November 6, 1989.

H & D Trucking Company owns a four-acre parcel on Lake Charlevoix in Eveline Township used since the 1890s as a commercial deep-water port and cargo storage facility. Under the township's zoning ordinance, which was passed in 1969, the parcel was zoned for commercial use. None of the districts established by the zoning ordinance list deep-water port facilities as a permitted land use. Additionally, the zoning ordinance contains a "green belt" provision which requires that improvements upon any land abutting a body of water shall maintain at least two-thirds of the natural vegetation along the normal high water level and fifty feet distant therefrom. In 1980 and 1985, H & D Trucking leveled and graded its parcel without first applying for a permit from the township or seeking approval from the township zoning board. Eveline Township brought an action in the Charlevoix Circuit Court against H & D Trucking. Plaintiff sought injunctive relief to have the parcel's green belt restored, prevent defendant from expanding its use past the level of use in 1969, and to require defendant to submit a grading plan pursuant to the zoning ordinance. Defendant filed a counterclaim challenging the zoning ordinance as impermissibly exclusionary. After a bench trial, the court, Richard M. Pajtas, J., issued a judgment in favor of defendant, finding the zoning ordinance void and unenforceable as applied to defendant's parcel. Plaintiff appealed.

The Court of Appeals *held:*

1. A land use which is lawful at the time of the enactment of a township zoning ordinance may be continued even if the use is nonconforming under the ordinance. The continuation of such nonconforming use must be substantially of the same size and essential nature as the use existing at the time of the ordinance's passage. In this case, the trial court did not err in

REFERENCES

Am Jur 2d, Zoning and Planning §§ 179, 196, 198, 208, 333.

Change in area or location of nonconforming use as violation of zoning ordinance. 56 ALR4th 769.

determining that use of defendant's parcel as a port and cargo storage facility predated the 1969 passage of plaintiff's zoning ordinance and that the present use of the parcel is substantially of the same size and nature as in 1969.

2. The trial court did not err in determining that the zoning ordinance's green belt requirement applies only to properties zoned residential and that it, therefore, does not apply to defendant's commercial parcel.

3. A township zoning ordinance may not totally exclude a particular land use where (1) there is a demonstrated need for that land use in the township or surrounding area, (2) the use is appropriate for the location, and (3) the use is lawful. Here, the trial court did not err in concluding that defendant's zoning ordinance, if applied to defendant's parcel, would be improperly exclusionary since the three conditions described above apply in this case. The trial court therefore did not err in finding the zoning ordinance void and unenforceable as applied to defendant's parcel.

4. The trial court did not err in failing to decide the question of whether defendant was required to seek a permit under the zoning ordinance prior to its improvements to the parcel. In light of the trial court's correct determination that the ordinance was void as applied to defendant's parcel, it was not necessary for defendant to seek a permit under the zoning ordinance.

5. Contrary to plaintiff's contention, it was not necessary for defendant to exhaust administrative remedies available under the zoning ordinance prior to challenging the ordinance's constitutionality in an action in court.

Affirmed.

1. ZONING — NONCONFORMING USE.

A use of land which is lawful at the time of the enactment of a township's zoning ordinance may be continued even if the use is nonconforming under the ordinance; the continuation of such nonconforming use must be substantially of the same size and essential nature as the use existing at the time of the ordinance's passage (MCL 125.286[1]; MSA 5.2963[16][1]).

2. ZONING — ORDINANCES — EXCLUSIONARY ORDINANCES.

A township zoning ordinance may not totally exclude a particular land use where (1) there is a demonstrated need for that land use in the township or surrounding area, (2) the use is appropriate for the location, and (3) the use is lawful (MCL 125.297a; MSA 5.2963[27a]).

3. ZONING — ORDINANCES — EXCLUSIONARY ORDINANCES — REMEDIES.

    A court, after determining that a township's zoning ordinance improperly excludes a lawful use of an owner's property, may order that the ordinance be considered void and unenforceable as to that owner and enjoin the township from interfering with such use.

4. ZONING — ORDINANCES — CONSTITUTIONAL LAW — ADMINISTRATIVE REMEDIES.

    It is not necessary for a party to exhaust administrative remedies available under a zoning ordinance prior to challenging the zoning ordinance in court as unlawful or unconstitutional.

*Stephen B. Graham,* for plaintiff.

*Stroup, Mulhauser, Johnson & Tressider, P.C.* (by *Nathaniel W. Stroup*), for defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and HOLBROOK, JR., JJ.

MICHAEL J. KELLY, P.J. Plaintiff Eveline Township appeals from a circuit court order dismissing its action for injunctive relief against defendant H & D Trucking Company. The township sought to enjoin defendant from violating certain provisions of the township zoning ordinance. Defendant counterclaimed that the ordinance was improperly exclusionary, and thus void as applied to defendant's land. The circuit court dismissed plaintiff's complaint and found the zoning ordinance void as to defendant's land. We now affirm the circuit court's decision.

The land involved in this appeal is a four-acre parcel located on Lake Charlevoix in Eveline Township. The parcel has been a commercial deepwater port since the 1890s, being used as a place where cargo boats could come close to shore to unload bulk cargo such as iron and stone products. Unloaded materials are also stored at the area until they can be removed by truck. The property

is the only location in the township where large vessels can come close to shore to unload bulk cargo, and is the only open deep-water port available for use in Charlevoix and Emmet Counties.

Plaintiff township passed its zoning ordinance in 1969. Under the ordinance, defendant's land was zoned for commercial use. The ordinance does not list ports as a permitted use. Township representatives conceded that deep-water port facilities were not a permitted use within any of the districts established by the ordinance.

In 1980 and 1985, defendant began to level and grade the site without first applying for a permit from the township or seeking approval from the zoning board. Defendant did apply for and receive appropriate permits to perform this work from the Department of Natural Resources and the Army Corp of Engineers.

Due to this leveling and grading, the township sued defendant to enjoin it from violating the zoning ordinance by not filing a development plan, by attempting to expand a nonconforming use, and by destroying the "green belt" required by the ordinance. The township sought injunctive relief to have the green belt restored, to enjoin defendant from expanding its use of the site past the level of use in 1969, and to require defendant to submit a grading plan as required by the zoning ordinance. Defendant counterclaimed against plaintiff, challenging the zoning ordinance as impermissibly exclusionary zoning.

After a bench trial held in May and June of 1987, the circuit court found that defendant had not expanded its prior nonconforming use of the port but that the entire property was dedicated to commercial port usage prior to passage of the township's ordinance in 1969. The circuit court determined that it was not possible to establish

the port's level of use in 1969 or whether it was less than at present. The circuit court found that defendant did not violate the green belt provision in the ordinance because it applied only to property zoned residential. The circuit court also found that the township zoning ordinance was improperly exclusionary under MCL 125.297a; MSA 5.2963(27a). The circuit court dismissed plaintiff's complaint and found plaintiff's ordinance void and unenforceable as applied to defendant's parcel to the extent that it would prohibit or restrict the use of the property as a commercial port facility and material storage area.

I

The township first argues that the circuit court erred by finding that the entire four-acre site was dedicated to commercial port usage prior to the advent of the township zoning ordinance. We disagree.

The lawful use of a parcel of land existing at the time of enactment of a zoning ordinance may be continued although the use does not conform with the ordinance or amendment. MCL 125.286(1); MSA 5.2963(16)(1); *Independence Twp v Eghigian,* 161 Mich App 110, 115-116; 409 NW2d 743 (1987), lv den 429 Mich 872 (1987). Such a continuation of a nonconforming use must be substantially of the same size and essential nature as the use at the time of the passage of the zoning ordinance. *Independence Twp,* 116.

Here the circuit court found that all of defendant's four-acre parcel had been dedicated to the nonconforming port usage prior to 1969 and that defendant had not expanded its lawful nonconforming use.

Findings of fact by a trial court will not be set

aside unless clearly erroneous. MCR 2.613(C). A finding is clearly erroneous when, although supported by the evidence, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *In re Cornet,* 422 Mich 274, 278; 373 NW2d 536 (1985).

A review of the evidence does not indicate that the circuit court's finding was clearly erroneous. Evidence was presented that the site was leveled and graded in 1980 and 1985 to increase usable storage space on the site. Evidence was also presented which indicated that the entire property had been leased and used for marine dockage and material storage prior to the passage of the ordinance and that this use was not restricted to certain portions of the property. Evidence established that the amount of land used varied from year to year, depending upon economic conditions and market demand. Plaintiff township presented no conclusive evidence regarding the port's usage in 1969 or that its use in 1985 was greater than the 1969 level. Merely because the site was improved in 1980 and 1985 does not lead to the conclusion that the use would be substantially increased past 1969 levels.

II

The township claims that the circuit court erred by holding that the "green belt" provision in the township zoning ordinance did not apply to defendant's property. We disagree.

In Article VIII of the township's zoning ordinance, under the heading "definitions," the ordinance lists Green Belt Zoning and defines it as follows:

For the purpose of this act Green Belt Zoning

> shall mean that any land abutting on lakes, rivers,
> or streams shall be so improved so as to maintain
> at least two thirds of the natural vegetation along
> the normal high water level and 50 feet distance
> therefrom. That any dwelling erected thereon
> shall be located to [sic] that it shall not be less
> than 50 feet from the normal high water level and
> any septic tank or drain field shall be so located on
> the premises that the same shall be at least 100
> feet distant from the normal high water level. The
> normal high water level is determined by the
> Army Corps of Engineers.

Further reading of the ordinance reveals that the only other reference to Green Belt Zoning is listed under the requirements for properties zoned R-1 Residential District:

> Provided further, any land abutting on lakes,
> rivers or streams, shall also meet the requirements
> of Green Belt Zoning as defined in Paragraph 8.14.

Defendant's land is zoned Commercial District under the ordinance. Under the sections dealing with Commercial District Properties, there is no reference to Green Belt Zoning.

The ordinance is clear on its face; there is no Green Belt Zoning requirement for properties zoned Commercial District. The circuit court properly found that defendant's land was not constricted by the Green Belt Zoning requirements.

### III

The township claims that the circuit court erred by finding the zoning ordinance invalid with regard to defendant's land because the ordinance was improperly exclusionary. We disagree.

A local government entity may not use its zoning ordinance to totally prohibit an otherwise

lawful land use from the land contained within its boundaries. MCL 125.297a; MSA 5.2963(27a); *Kropf v Sterling Heights,* 391 Mich 139, 155-156; 215 NW2d 179 (1974).

The circuit judge based his decision upon § 27a of the Township Rural Zoning Act, MCL 125.297a; MSA 5.2963(27a), which provides:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

Under § 27a, a zoning ordinance may not totally exclude a land use where (1) there is a demonstrated need for that land use in the township or surrounding area, (2) the use is appropriate for the location, and (3) the use is lawful. The circuit court found that the port was lawful and appropriate to the site and that there was a demonstrated need for this port in the area. The court found that the zoning ordinance has the effect of totally prohibiting a commercial port facility within the township and that this constituted unlawful exclusionary zoning.

We find that the circuit court's findings of fact were correct and its conclusion proper. The record establishes a demonstrated need for defendant's port facility to provide construction materials for Emmet and Charlevoix Counties. There are no available alternative port sites in the area; the alternative would be to transport these bulk materials solely by truck, which would be considerably more expensive. Testimony indicated that there

was a continuing and substantial need for these materials for road building and other construction.

The port was also appropriate to the site. The port had been operated out of that site since the 1890s. The site is uniquely suited for a deep-water port in that there is no other place in the township where deep draft vessels can come in close to shore to unload bulk cargo. The use of defendant's land as a commercial port is lawful but for the present zoning dispute. Appropriate permits were applied for and received from the Army Corps of Engineers and the Department of Natural Resources for the recent work at the site.

Finally, the township zoning ordinance does have the effect of totally prohibiting commercial ports like defendant's from the township. Review of the zoning ordinance, and the uses permitted under each zoning district, indicates that none of the township zoning classifications would permit a commercial deep-water port. Testimony at trial also indicated that defendant's port would not be permitted under the present zoning and that it would be highly unlikely to receive a variance. The circuit court properly concluded that defendant's port was improperly excluded by the township zoning ordinance.

The township argues that, since defendant's port was a prior nonconforming use, its ordinance cannot be said to improperly totally prohibit defendant's port under § 27a. We find this contention meritless.

Section 16(1) of the Township Rural Zoning Act provides that lawful land uses which existed prior to passage of a zoning ordinance may be continued although they do not conform to the ordinance. MCL 125.286(1); MSA 5.2963(16)(1). However, that does not mean that such uses are sanctioned under the zoning ordinance. Rather, the remaining por-

tions of § 16 indicate that preexisting nonconforming uses are merely to be tolerated until it is possible to replace them with uses which conform to the local zoning ordinance. MCL 125.286(2) and (3); MSA 5.2963(16)(2) and (3).

Nor does the fact that defendant could have continued its use under a variance or special permit cure the defect in the township's zoning ordinance. See *Kropf, supra; Paradise Twp v Mt Airy Lodge, Inc,* 68 Pa Commw Ct 548; 449 A2d 849 (1982); *Dublin Properties v Upper Dublin Twp Bd of Comm'rs,* 21 Pa Commw Ct 54; 342 A2d 821 (1975). Merely because the township is required to tolerate a nonconforming use or could possibly permit the use by grant of a variance does not cure the defect in the township's exclusionary zoning ordinance.

IV

Plaintiff township argues that the circuit court erred by not deciding the issue of whether defendant was required to seek a permit under the zoning ordinance to perform improvements to the land. We find this argument meritless.

As previously noted, the circuit court properly found that the township's ordinance was improperly exclusionary with regard to defendant's use of its property. The court then ordered that the ordinance be considered void and unenforceable to the extent it would prohibit or restrict the use of the property as a commercial port facility and enjoined the township from interfering with such use. This order was a proper remedy. *Schwartz v City of Flint,* 426 Mich 295, 329; 395 NW2d 678 (1986). Since the ordinance is void with regard to defendant's port use, it is obviously not necessary for defendant to seek a permit under the zoning ordinance.

v

Finally, the township argues that defendant must first exhaust all administrative remedies available under the zoning ordinance prior to challenging the zoning ordinance in court. We disagree. It is well established that it is not necessary for a party to exhaust available administrative remedies prior to challenging a zoning ordinance as unlawful or unconstitutional. *Robyns v Dearborn,* 341 Mich 495, 500; 67 NW2d 718 (1954).

Affirmed.