ENGLISH v AUGUSTA TOWNSHIP

Docket No. 141480. Submitted December 20, 1993, at Lansing. Decided March 7, 1994, at 9:10 A.M.

James and Barbara English brought an action in the Washtenaw Circuit Court against Augusta Township after the township denied their petition seeking a change in the zoning classification of their forty-nine-acre parcel of land from agricultural/residential to manufactured housing park for the purpose of constructing a mobile-home park. The court, Donald E. Shelton, J., concluded that the defendant had unconstitutionally excluded mobile-home parks by relegating mobile homes to an undevelopable area. The court also found that the plaintiffs had demonstrated a demand for their proposed use and that the property was suitable for a mobile-home park. The court ordered the defendant to rezone the property as requested. The defendant appealed.

The Court of Appeals *held:*

1. The trial court properly found that the defendant engaged in exclusionary zoning.

2. A zoning ordinance may not totally exclude a lawful land use where, as in this case, there is a demonstrated need for the land use in the township or surrounding area and the use is appropriate for the location.

3. The township has designated no appropriate site for a mobile-home park. Although there is a site in the township that is presently zoned for mobile homes, the zoning of that parcel was a subterfuge for the township's unwritten policy of excluding mobile-home parks altogether because the site was inappropriate for its zoned use and the township supervisor

REFERENCES

Am Jur 2d, Zoning and Planning §§ 100-127, 252-265.

Validity and application of zoning regulations relating to mobile home or trailer parks. 42 ALR3d 598.

Comment Note.—Exclusionary zoning. 48 ALR3d 1210.

Validity of zoning or building regulations restricting mobile homes or trailers to established mobile home or trailer parks. 17 ALR4th 106.

who owned most of the parcel fully intended to continue to operate it as a family farm.

4. The trial court went too far in ordering the defendant to change the zoning classification of the plaintiffs' property. That part of the court's order must be vacated and the matter remanded to the trial court for entry of an injunction prohibiting the defendant from interfering with the plaintiffs' reasonable, proposed use of their property as a mobile-home park.

Conclusion that the defendant engaged in exclusionary zoning affirmed, order of rezoning vacated, and case remanded for entry of an injunction preventing the defendant from interfering with the plaintiffs' specific reasonable use of their property as a mobile-home park.

1. Zoning — Townships — Exclusionary Zoning.

A zoning ordinance or zoning decision may not have the effect of totally prohibiting the establishment of a land use within a township where there is a demonstrated need for that use within either the township or the surrounding area within the state unless there is no location within the township where the use may be appropriately located or the use is unlawful (MCL 125.297a; MSA 5.2963[27a]).

2. Zoning — Exclusionary Zoning — Reasonable Use of Land — Courts — Remedies.

A court, after finding that a township has engaged in unlawful exclusionary zoning with regard to a parcel of land, may find that the proposed use is a specific reasonable use and enjoin interference with that use.

*Henry C. Ritchie* and *Jan Armon,* for the plaintiffs.

*John W. Stanowski,* for the defendant.

Before: Shepherd, P.J., and McDonald and Jansen, JJ.

Shepherd, P.J. Defendant appeals as of right from a judgment of the trial court ordering defendant to rezone plaintiffs' property from agricultural/residential (AR) to manufactured housing park (MHP). We affirm the trial court's conclusion that defendant engaged in exclusionary zoning,

but vacate its order of rezoning and replace it with an injunction that defendant not interfere with plaintiffs' proposed use.

Plaintiffs own a forty-nine acre parcel of land on Whittaker Road in Augusta Township. In 1989, plaintiffs filed a petition with defendant seeking a change in the zoning classification of their property from AR to MHP for the purpose of constructing a mobile-home park. Defendant township denied plaintiffs' petition for rezoning. In response, plaintiffs filed a lawsuit in the Washtenaw Circuit Court against defendant, seeking monetary damages and a writ of mandamus to compel defendant to rezone their property to MHP.

At a bench trial, testimony revealed that while the township had no existing mobile-home parks, the township had zoned a ninety-six acre area for mobile homes. However, a former township zoning official testified that that particular area was chosen by the township board for MHP zoning because the board believed that it would never be developed. The township supervisor who owned eighty of the ninety-six acres in the MHP zone intended to have his family continue to operate the parcel as a farm. The MHP zone was located in the extreme southwest corner of the township, away from available water and sewer systems. A toxic-waste landfill was located immediately adjacent to the MHP zone, and a federal prison at Milan was just three-quarters of a mile away. The former township zoning official testified that he was pressured by the township board to keep manufactured housing out of the township, despite inquiries by a number of developers. There was also testimony that the building department was under pressure to limit the issuance of permits for low-cost housing in general. The township planner who examined plaintiffs' application for rezoning testified

that the township considered itself a rural residential and agricultural community, and it did not need a mobile-home park.

With respect to plaintiffs' proposed development, there was testimony that a nearby water line could provide adequate pressure and volume for a mobile-home park via an extension. The nearby sewer system was not capable of handling the additional volume; however, the system could handle the additional volume with an expansion of two pump stations. Topographically, plaintiffs' property is suitable for development, with the exception of a lowland swale that cuts roughly across the middle. According to the township's master plan, the larger portion of plaintiffs' property north of the swale was to have a density of five to seven units an acre, while the southern portion was to remain agricultural. Plaintiffs' proposal to the township was for approximately five to seven units an acre over the entire parcel, excluding the wetlands area. Roadways would have to be built for the mobile-home development; however, the construction of roads would also be necessary for any other development of similar density. The local roads were found sufficient to handle the proposed development.

Following the bench trial, the trial court issued its written findings of fact and conclusions of law. The trial court found that defendant had, in effect, unconstitutionally excluded mobile-home parks from the township by relegating mobile homes to an undevelopable area. Further, the trial court found that plaintiffs had demonstrated a demand for their proposed use, and that plaintiffs' parcel was suitable for a mobile-home park. Subsequently, the trial court ordered defendant to rezone plaintiffs' property from ᴀʀ to ᴍʜᴘ. Herein, defendant appeals as of right from that order.

On appeal, our review of the trial court's ruling on a constitutional challenge to a zoning ordinance is de novo. *Guy v Brandon Twp,* 181 Mich App 775, 778; 450 NW2d 279 (1989); *Macenas v Village of Michiana,* 433 Mich 380, 394-396; 446 NW2d 102 (1989). However, the trial court's findings of fact are accorded considerable deference. *Id.; Eveline Twp v H & D Trucking Co,* 181 Mich App 25, 30; 448 NW2d 727 (1989).

## I EXCLUSIONARY ZONING

The Legislature addressed the problem of exclusionary zoning with the enactment of § 27a of the Township Rural Zoning Act, MCL 125.297a; MSA 5.2963(27a), which provides:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

An ordinance that has the effect of totally prohibiting a particular land use within a township is impermissible in the absence of special circumstances. MCL 125.297a; MSA 5.2963(27a); *Szluha v Avon Charter Twp,* 128 Mich App 402, 409; 340 NW2d 105 (1983). A zoning ordinance that totally excludes an otherwise legitimate use carries with it a strong taint of unlawful discrimination and a denial of equal protection of the law with regard to the excluded use. *Kropf v Sterling Heights,* 391 Mich 139, 155-156; 215 NW2d 179 (1974).

A zoning ordinance may not totally exclude a lawful land use where (1) there is a demonstrated

need for the land use in the township or surrounding area, and (2) the use is appropriate for the location. *Eveline Twp, supra* at 32. Applying the rule adopted by this Court in *Eveline, supra,* to the facts of the case at bar, we agree with the trial court's conclusion that defendant engaged in exclusionary zoning.

Defendant argues that the existence of the site presently zoned MHP requires a finding that mobile-home parks are not totally excluded from the township. However, there was ample evidence that the zoning of that parcel for mobile homes was nothing less than a subterfuge for the township's unwritten policy of excluding mobile-home parks altogether. As noted above, the township board chose the site because they believed that it would never be developed. The township supervisor owned the vast majority of the site, fully intending to continue to operate the property as a family farm. In addition, the site was inappropriate for its zoned use because of the unavailability of water and sewer service and its proximity to a toxic-waste landfill and a federal prison. Thus, in effect, the township has designated no appropriate site for a mobile-home park.[1] Contrast *Guy v Brandon Twp, supra* at 787-788.

Under the first prong of the test set forth in *Eveline Twp, supra* at 32, there was evidence of the need for a mobile-home park in the township. There was testimony that numerous developers inquired about developing a mobile-home park, but they were turned away because of the township's unwritten policy of exclusion. There was also testimony that township officials exerted pressure to limit low-cost housing in general. Thus, we will not disturb the trial court's finding that there was

---

[1] Currently, there are no mobile-home parks in the township.

a need or demand for the use within the township. *Id.; Macenas, supra* at 394-396.

Further, under the second factor outlined in *Eveline Twp, supra* at 32, there was evidence that the use was appropriate for the proposed location. Plaintiffs' proposed development was near an existing water line with sufficient pressure and volume. Sewer service was feasible with an upgrade of two pumping stations. With respect to the larger portion of the property north of the swale, the proposed development would have the same density as previously contemplated by the township under the AR zoning classification. With respect to the southern portion of plaintiffs' property that was slated by the township for agricultural use, there is no discernible reason for the distinction other than to create an arbitrary boundary along the path of the swale.[2] The southern portion is similar in all other respects to the northern portion. Further, local roads were found sufficient. Again, we agree with the conclusion of the trial court that the proposed use was appropriate for the location. *Id.* Thus, there was evidence to support both prongs of the test set out in *Eveline Twp, supra* at 32.

In summary, we agree with the decision of the trial court that defendant engaged in exclusionary zoning in violation of MCL 125.297a; MSA 5.2963(27a).

## II REMEDY

Having determined that defendant has improperly engaged in exclusionary zoning, the question of plaintiffs' remedy remains. The trial court ordered defendant to rezone plaintiffs' property from

---

[2] The swale does not appear to be such a significant topographical feature that a well-designed site plan could not work around it.

AR to MHP. However, we believe that the trial court went too far in fashioning a remedy.

It is not a novel proposition that zoning cases often present issues concerning the doctrine of separation of powers, because zoning classifications are determined by local legislative bodies. *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 430-431; 86 NW2d 166 (1957); *Kropf, supra* at 165 (Levin, J., concurring.) In the past, our Supreme Court has cautioned against judicial zoning or rezoning as infringing upon the separation of powers. *Roll v City of Troy,* 370 Mich 94, 99; 120 NW2d 804 (1963). Most recently, in *Schwartz v City of Flint,* 426 Mich 295, 307-308; 395 NW2d 678 (1986), our Supreme Court overruled its decision in *Ed Zaagman, Inc v City of Kentwood,* 406 Mich 137; 277 NW2d 475 (1979), which had allowed courts to determine and implement the most equitable or "midsatisfactory use" of a parcel of land. Our Supreme Court in *Schwartz, supra* at 319-321, expressed strong sentiments against judicial zoning of any kind.

We recognize that the *Schwartz* decision was limited to cases involving an unconstitutional application of a zoning ordinance to a particular parcel. The Supreme Court noted that cases of exclusionary zoning involved "an entirely different type of determination, necessitating potentially broader relief." *Id.* at 325-326, n 24. However, the Supreme Court did not explain what that "potentially broader relief" might be.

Accordingly, in light of the strong language in *Schwartz, supra* at 319-321, prohibiting any form of judicial zoning, we conclude that the trial court went too far when it ordered defendant to change the zoning classification of plaintiffs' property. Thus, we vacate the trial court's order requiring

defendant to rezone plaintiffs' property from AR to MHP.

However, while we vacate the trial court's order, we do not leave plaintiffs without any relief. Instead, we fashion a remedy in accordance with *Schwartz, supra.* The abundant record in this case not only supports the trial court's finding that plaintiffs' property was suitable for the proposed use under the test for exclusionary zoning, *Eveline Twp, supra* at 32, but also that plaintiffs' proposal was a "specific reasonable use" under the standard adopted in *Schwartz, supra* at 327-328. Stated differently, while the trial court did not specifically analyze the present case in light of *Schwartz,* the trial court's findings nevertheless make it clear that plaintiffs have satisfied the burden of demonstrating that the mobile-home park was a "specific reasonable use." Notably, while a proposed use must be specific, "it need not amount to a 'plan.' " *Id.* at 328.

Thus, we remand this matter to the trial court with instructions to enter an injunction prohibiting defendant from interfering with plaintiffs' reasonable, proposed use of their property as a mobile-home park. *Schwartz, supra* at 329. However, we note that our decision does not exempt plaintiffs from complying with all applicable federal, state, and local regulations governing mobile-home parks. In particular, plaintiffs are not exempt from the site-plan review process. Further, plaintiffs may be required to contribute to certain costs for the construction and maintenance of the development's infrastructure. We express no opinion regarding such details, which may necessitate additional public hearings in the township and in the trial court.

The decision of the trial court that defendant engaged in exclusionary zoning is affirmed. The

trial court's order of rezoning is vacated, with instructions to enter an injunction preventing defendant from interfering with plaintiffs' specific reasonable use of their property as a mobile-home park.