ANSPAUGH v IMLAY TOWNSHIP

Docket No. 262492. Submitted November 6, 2006, at Detroit. Decided December 5, 2006, at 9:00 a.m. Leave to appeal sought.

Earl Anspaugh and Trinity of Michigan, L.L.C., brought an action in the Lapeer Circuit Court against Imlay Township, the Imlay Township Board, and the Imlay Township Planning Commission after the board denied the plaintiffs' request to rezone their property for heavy industrial uses. The plaintiffs' complaint included allegations that the township zoning ordinance was exclusionary. The defendants failed to answer the plaintiffs' amended complaint in a timely manner, and a default was entered. The court, Nick O. Holowka, J., set aside the default and ordered the defendants to answer the amended complaint "forthwith." A second default followed, and the court entered a default judgment awarding the plaintiffs their requested relief. The court granted the defendants' motion to set aside the default and the default judgment. The court subsequently denied the plaintiffs' motion for summary disposition and granted the defendants summary disposition, concluding that the township's zoning ordinance was not exclusionary after the township amended it and adopted a new master plan that provided for heavy industrial uses in a designated area of the township. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by setting aside the default judgment. MCR 2.603(A)(1) requires the entry of a default for the failure to plead or otherwise defend as provided by the court rules. A trial court may set aside such a default or a subsequently entered default judgment only on a showing of good cause and a meritorious defense. The trial court entered the default judgment in this case not because of the defendants' failure to follow the court rules, however, but because of their failure to comply with the court's order to answer the amended complaint "forthwith." Concomitant with the power of courts to sanction litigants and counsel for failure to comply with court orders is the power and discretion to relieve a litigant of the burden of such sanctions.

2. The trial court erred by granting summary disposition to the defendants. Before it was amended, the township's ordinance desig-

nated no land for the uses the plaintiffs requested. A zoning ordinance that creates a classification but does not apply it to any land is exclusionary on its face. Thus, the township zoning scheme was clearly exclusionary when the plaintiffs sought rezoning. The amendments of the ordinance and the land use plan did not rectify the problem. A zoning ordinance or decision that has the effect of totally prohibiting a particular land use within a township is impermissible. A township zoning ordinance shall not exclude a lawful land use if (1) there is a demonstrated need for that land use in the township or the surrounding area and (2) the use is appropriate for the location. The evidence in this case demonstrated the need for the lawful uses the plaintiffs proposed, that the plaintiffs' land is appropriately suited for the uses, and that the land designated for those purposes by the township is not appropriate. Therefore, the township's zoning ordinance effectively excludes lawful and otherwise appropriate uses for which there is a demonstrated need.

Reversed and remanded.

1. COURTS — POWERS — DEFAULT JUDGMENTS.

A trial court has the discretion to set aside a default or default judgment entered as a result of a failure to comply with the court's order, rather than for a direct violation of the court rules, without a showing of good cause and a meritorious defense.

2. ZONING — TOWNSHIPS — EXCLUSIONARY ZONING.

A zoning ordinance or decision that has the effect of totally prohibiting a particular lawful land use within a township is impermissible; a zoning ordinance shall not exclude a lawful land use if (1) there is a demonstrated need for that land use in the township or the surrounding area and (2) the use is appropriate for the location; a zoning ordinance that creates a classification but does not apply it to any land is exclusionary on its fact; a zoning ordinance that provides for a particular use in an area that is not appropriate to the use may constitute exclusionary zoning (former MCL 125.297a, now MCL 125.3207).

*O'Reilly Rancilio P.C.* (by *Robert Charles Davis*) for the plaintiffs.

*Sommers Schwartz, P.C.* (by *Patrick B. McCauley, David J. Szymanski,* and *James N. McNally*), and *Gary L. Davis* for the defendants.

Before: COOPER, P.J., and HOEKSTRA and SMOLENSKI, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order denying plaintiffs' motion for partial summary disposition and granting summary disposition in favor of defendants pursuant to MCR 2.116(I)(2). We reverse and remand.

### I. BASIC FACTS AND PROCEDURAL HISTORY

In June 2000, plaintiffs applied to rezone property located along Newark Road in defendant Imlay Township from R-1 residential to I-2 heavy industrial. During the various meetings regarding rezoning of this property, defendants acknowledged that I-2 land uses were permissible under the township's zoning ordinance, but no land designated for such uses was currently provided for under the township's land use plan. Defendants indicated, however, that I-2 uses were nonetheless appropriate for properties in the township's I-1 light industrial zoning district located east of M-53. Plaintiffs assert that, on the basis of this and other "direction" by defendants, plaintiff Trinity of Michigan, LLC (Trinity), investigated and ultimately secured a second parcel of undeveloped land that was zoned I-1. Trinity then also applied to rezone a portion of that property from I-1 to I-2. Both requests, however, were denied by the township board in September 2001 as inconsistent with the township's land use plan.

In November 2001, plaintiffs filed the instant suit for declaratory and injunctive relief, alleging that the township's zoning scheme was violative of substantive due process and wholly exclusionary, both as applied and on its face, because it "prohibits . . . even the possibility of I-2 uses." An amended complaint, adding allegations

that the township's actions and ordinance denied plaintiffs equal protection, was filed in January 2002. When defendants failed to timely answer the amended complaint, a default was entered in favor of plaintiffs. The trial court, however, ruling that defendants' failure to answer the amended complaint was the result of an excusable miscommunication between defendants and their counsel, set aside the default and ordered that defendants file their answer to the amended complaint "forthwith." A second default, followed by a default judgment awarding plaintiffs their requested relief, was entered approximately three weeks later.

Defendants immediately moved to set aside the default and default judgment, asserting that their answer to the amended complaint was filed as soon as practicable. Noting that the zoning issues raised in this matter were complicated, and that the township defendants were staffed by volunteers who did not regularly meet, the trial court granted defendants' motion and set aside the default and the default judgment. Plaintiffs subsequently moved for summary disposition of their claim that the township's zoning ordinance and actions were exclusionary. In response, defendants requested summary disposition of the suit in their favor, arguing that plaintiffs had failed to meet their burden of establishing that the township's conduct or ordinance was exclusionary or otherwise improper. The trial court, determining that defendants had, in the fall of 2004, adopted a new master plan and zoning ordinance that provided for I-2 uses in an area of the township designated as the Graham Road Corridor, concluded that there was no merit to plaintiffs' claim of exclusionary zoning and granted defendants' request for summary disposition.

## II. ANALYSIS

### A. DEFAULT AND DEFAULT JUDGMENT

On appeal, plaintiffs first argue that the trial court erred in concluding that defendants had shown the good cause and the meritorious defense necessary to set aside a default and default judgment under MCR 2.603(D). Thus, plaintiffs argue, the court abused its discretion in setting aside the default judgment and permitting the suit to continue to summary disposition. See *Barclay v Crown Building & Dev, Inc*, 241 Mich App 639, 651; 617 NW2d 373 (2000). Because we do not conclude that MCR 2.603 governs the trial court's decision, we disagree.

Rule 2.603(A) of the Michigan Court Rules requires that a default be entered against a party who fails "to plead or otherwise defend as provided by these rules . . . ." MCR 2.603(A)(1). Plaintiffs are correct that a motion to set aside such a default, or a subsequently entered default judgment, may generally be granted only on a showing of good cause and a meritorious defense. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). We agree with defendants, however, that the default judgment plaintiffs seek to reinstate was not entered by the trial court as a result of defendants' failure to abide by the rules of pleading and defense set forth in the Michigan Court Rules, but because of defendants' failure to comply with the trial court's order that an answer to the amended complaint be filed "forthwith." It is well settled that trial courts are inherently imbued with the authority and discretion to sanction litigants and their counsel for failure to comply with their orders, see, e.g., *Banta v Serban*, 370 Mich 367, 368; 121 NW2d 854 (1963), and that such "power is not governed so much by rule or

statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Concomitant with this power is the power to relieve a litigant of the burden of such sanctions should the court, in the further exercise of its discretion, so choose. Thus, given that the default judgment at issue was entered for failure to abide by the court's order that an answer to the amended complaint be filed by defendants "forthwith," and not for any direct violation of the Michigan Court Rules, we do not conclude that the trial court abused its discretion or otherwise erred in setting aside the judgment for the reasons stated by the court.

### B. SUMMARY DISPOSITION

Plaintiffs also argue, however, that the trial court erred in granting summary disposition of its suit in favor of defendants pursuant to MCR 2.116(I)(2). On review de novo of the trial court's decision in this regard, see *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999), we agree.

In granting defendants summary disposition, the trial court ruled that the township's zoning scheme was not exclusionary because the township had recently amended its zoning ordinance and master land use plan to specifically provide for I-2 land uses within a designated area of the township. Before these amendments, however, the township had provided no land designated for I-2 uses.[1] A zoning ordinance that creates a classifi-

---

[1] We recognize that the Vlasic pickling facility located near the Newark Road parcel plaintiffs first sought to rezone was designated by the township as zoned for I-2 uses before amendment of the township's zoning ordinance and master land use plan in late 2004. It is not disputed, however, that the facility predates the enactment of the

cation but does not apply that classification to any land is exclusionary on its face. *Smookler v Wheatfield Twp*, 394 Mich 574, 577; 232 NW2d 616 (1975). Thus, at the time plaintiffs sought rezoning of the parcels at issue here, the township zoning scheme was clearly exclusionary.

Moreover, the fact that the township later rectified this problem by amending its ordinance and land use plan to expressly provide for I-2 uses does not, by itself, defeat plaintiffs' claim of exclusionary zoning. *English v Augusta Twp*, 204 Mich App 33, 38-39; 514 NW2d 172 (1994). In *English*, this Court determined that the defendant township had engaged in exclusionary zoning even though the township had provided an area zoned for mobile-home parks. In rejecting the township's argument that the existence of a site zoned for mobile homes "requires a finding that mobile-home parks are not totally excluded from the township," *id.* at 38, the panel quoted § 27a of the Township Rural Zoning Act (TRZA), former MCL 125.297a, which at that time provided:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

Relying on this statute,[2] the panel concluded that a zoning ordinance or decision "that has the *effect* of

---

township's zoning ordinance and does not wholly meet the requirements for designation as an I-2 use. Thus, we reject defendants' reliance on the Vlasic zoning designation to support its claim that I-2 uses were not excluded under the township's prior ordinance and land use plan.

[2] Although repealed by 2006 PA 110, which 'enacted the Michigan Zoning Enabling Act, MCL 125.3101 *et seq.*, the TRZA still controls this case. See MCL 125.3702(2). We note further that the prohibition against

totally prohibiting a particular land use within a township is impermissible . . . ." *Id.* at 37 (emphasis added); see also *Szluha v Avon Charter Twp*, 128 Mich App 402, 409; 340 NW2d 105 (1983). The panel then applied the test set forth in *Eveline Twp v H & D Trucking Co*, 181 Mich App 25, 32; 448 NW2d 727 (1989), which prohibits a zoning ordinance from excluding "a lawful land use where (1) there is a demonstrated need for that land use in the township or surrounding area, and (2) the use is appropriate for the location." *English, supra* at 37-38. In applying this test and concluding that the township had "engaged in exclusionary zoning in violation of MCL 125.297a," the panel took note of evidence that the site proposed by the plaintiff was appropriately suited for development of a mobile-home park, whereas the area zoned by the township for mobile-home use was so undesirable that it was unlikely that the land would ever be developed. *Id.* at 36, 38-39.

Applying the test of *Eveline Twp*, we too find that the I-2 zoning provided for by defendants is exclusionary. It is not disputed that the heavy industrial uses permitted by the township's I-2 zoning designation are lawful. Moreover, by providing for such uses, the township zoning ordinance and amended land use plan themselves recognize the need for I-2 uses within the township. This need is further supported by evidence, including statements and admissions from township representatives, that Imlay Township is expected to undergo considerable growth in the near future. Furthermore, as in *English*, plaintiffs here have demonstrated that the I-2 land use siting provided by the township is not appropriate to foster the commercial

exclusionary zoning formerly found in MCL 125.297a was recodified with nearly identical language in § 207 of the Michigan Zoning Enabling Act. See MCL 125.3207.

uses to which land designated for I-2 uses must be put. Indeed, plaintiffs presented evidence that there is no direct route of travel to the Graham Road Corridor from either M-53 or I-96, the only major thoroughfares servicing Imlay Township. Defendants acknowledge this problem, but contend that they are working toward development of an interchange to service Graham Road from I-96. The evidence, however, indicates that the township has for years sought to persuade the state to construct such an interchange, which the township master land use plan describes as "critical to the future development of [the Graham Road] Corridor," to no avail. In contrast, there is evidence that the parcels proffered by plaintiffs for rezoning—especially the Newark Road parcel, which is near the only other designated I-2 use currently operating within the township—are already serviced by thoroughfares suitable to sustain commercial development and are otherwise appropriately suited for the I-2 uses provided in the township's zoning ordinance. Given this evidence, we conclude that the township's zoning ordinance effectively excludes lawful and otherwise appropriate I-2 uses for which there is a demonstrated need. Accordingly, we reverse the trial court's grant of summary disposition in favor of defendants and remand this matter for entry of an order declaring the township's zoning ordinance to be exclusionary with respect to I-2 uses.

Reversed and remanded. We do not retain jurisdiction.