# IN THE COURT OF APPEALS OF IOWA

No. 16-0238
Filed November 9, 2016

**JAMES DALE SCHMIDT,**
  Petitioner-Appellant,

**vs.**

**ASHLEY DENISE EFT,**
  Respondent-Appellee.
_____

  Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.


  James Schmidt appeals the district court's imposition of a sanction for his failure to timely comply with a uniform trial scheduling order. **AFFIRMED.**


  Colin R. McCormack of Van Cleaf & McCormack Law Firm, L.L.P., Des Moines, for appellant.

  Michael J. Miller and Jennifer D.L. Jaschen of Patterson Law Firm, L.L.P., Des Moines, for appellee.


  Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

**I. Background Facts and Proceedings.**

This case concerns the imposition of sanctions against James Schmidt in the trial of the petition for modification of custody, physical care, and support case for a child born to James and Ashley Eft. The district court entered the parties' original stipulation in January 2012, whereby James was established as the child's father, the parties agreed to joint legal custody, and Ashley was given physical care of the child.

James filed a petition for modification in June 2013, and the parties filed a modified stipulation in November 2014, which the court approved in December 2014. The stipulation again said Ashley would have physical care, but James was given additional parenting time with the child.

Just four months later, in March 2015, James filed another application to modify. In August 2015, the court set the matter for trial to begin on November 16, 2015. The court utilized Polk County's uniform trial scheduling order, which provided provisions concerning deadlines for discovery, witness and exhibit list exchanges, financial statements, and possible sanctions for failures to comply with the scheduling order.

Section five of that uniform order provides, "Ten (10) days prior to trial each party shall: a. File and exchange witness and exhibit lists and exchange pre-marked exhibits." Further down the order, in bold font, the order states, "Violation of this order may result in sanctions, including dismissal or a grant of the relief requested by the opposing party."

Both parties agree the deadline to file and exchange witness and exhibit lists was November 6, 2015. However, James did not file nor exchange his witness or exhibit list until November 9, 2015; he also filed an amended list on November 13. James's lay-witness list contained the names of nine people, including his spouse, his parents, and some family friends. Ashley then filed a motion to strike James's trial exhibits for failure to timely comply with the scheduling order, and for other sanctions, including dismissal of the case.[1]

At trial on November 16, the court took up Ashley's motion to strike and ruled that because James failed to comply with the uniform trial scheduling order, he would be precluded from presenting any witnesses except for himself and Ashley. James made no offer of proof regarding the witnesses' proposed testimony. The court did not limit James's use of exhibits; it only required him to first lay foundation for each exhibit.

Following trial, the court entered its findings of facts and conclusions of law, denying James's entire application for modification, and particularly citing the failure of proof on the threshold issue of change of circumstances. The court noted James "failed to prove any of the elements necessary to result in a modification of the custody and visitation provisions currently in effect." James then filed a motion to extend the deadline for motion for new trial on November 23, 2015, followed by a motion and amended motion to enlarge and amend on December 7 and December 8, respectively. In its January 7, 2016 order, the court termed those motions "motion to reconsider" and in its denial ruled,

---

[1] Ashley previously moved for sanctions for James's failure to timely attend the Children in the Middle Class.

> While the court has no idea what the testimony would have been from the witnesses who were excluded, the fatal defects of petitioner's claims lay not with the testimony that he failed to provide but with the testimony that petitioner himself did provide. No testimony from the lay witnesses proposed to be called by petitioner would have cured those defects.

James filed his notice of appeal on February 5, 2016. His brief is limited to the issue of the imposition of sanctions.

## II. Standard of Review.

We review a district court's decision to impose sanctions for an abuse of discretion. *See Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009). "We find an abuse of discretion when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonably." *Schettler v. Iowa Dist. Ct.*, 509 N.W.2d 459, 464-65 (Iowa 1993). "'Unreasonable' in this context means not based on substantial evidence." *Id.*

## III. Discussion.

### A. Sanctions.

James argues the district court abused its discretion by issuing a sanction that excluded every witness he intended to call, except for himself and Ashley. He contends the court's unwillingness to hear testimony from his lay witnesses coupled with the court's lack of knowledge about the content of that intended testimony is not in the best interest of the child.[23] However, James failed to make an offer of proof containing the proposed testimony of his witnesses and

---

[2] To the extent James argues the exclusion of witnesses was not in the child's best interest, we decline to review this issue as James failed to raise it to the district court until his post-trial motion. The district court did not rule on that argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

[3] James does not appeal any aspect of the court's findings regarding the modification case itself.

cannot now complain the court had no knowledge of the content of the testimony. *See Nizzi v. Laverty Springs, Inc.*, 143 N.W.2d 312, 316 (Iowa 1966) (holding "the failure to offer proof of excluded testimony leaves nothing for review").

"Pretrial scheduling orders serve an important function in our civil justice system." *Fry v. Blauvelt*, 818 N.W.2d 123, 129 (Iowa 2012). "A scheduling order encourages pretrial management and assists the trial court in controlling the direction of the litigation." *Id.* (citation omitted). "The cooperation of parties during pretrial stages of litigation is essential." *Id.* at 130. "The failure of a party to meet pretrial deadlines not only undermines the goals of the schedule, but also prejudices the other party, who is subject to the deadlines as well." *Id.* (citation omitted).

"To ensure our district courts have the tools to effectively manage pretrial conduct and control the conduct of the trial, we have recognized the inherent power of the district court to enforce pretrial orders by imposing sanctions." *Id.* (citing *Rowen v. Le Mars Mut. Ins. Co. of Iowa*, 282 N.W.2d 639, 646 (Iowa 1979)); *see also* Iowa R. Civ. P. 1.602(5) (stating if a party fails to obey a scheduling or pretrial order, the court "may make such orders with regard thereto as are just"). "Our rules of civil procedure reflect this inherent power by vesting the district court with discretion to fashion appropriate sanctions for violations of pretrial orders." *Fry*, 818 N.W.2d at 130 (citation omitted). "Although district courts have discretion in deciding whether to enforce pretrial orders, 'it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits.'" *Id.* (citing *Fox v. Stanley J. How & Assocs., Inc.*, 309 N.W.2d 520, 522 (Iowa Ct. App. 1981)).

The purpose behind the disclosure requirements of the witness and exhibit lists is to assist the parties and the court in having an orderly trial free of surprises that can delay or even derailment. *See id.* at 129-30. Pre-trial conferences and orders "contemplate trial, and are designed, not to prevent the presentation of a controversy to the court, but to expedite and simplify that presentation." Iowa R. Civ. P. 1.602 cmt. (1943). "Exclusion should not be imposed lightly; other sanctions are available such as continuation of the trial or limitation of testimony." *Klein v. Chicago Cent. & Pacific R. Co.*, 596 N.W.2d 58, 61 (Iowa 1999). "Reversal is required unless the record shows a lack of prejudice." *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

In this case, we find the court appropriately exercised its discretion. The court entered the uniform trial scheduling order requiring both parties to comply and put both parties on notice that a failure to comply could result in sanctions. Not only did James fail to comply with the provision requiring the exchange of the witness list ten days before trial, he also failed to timely exchange the exhibit list, premarked exhibits, and an updated affidavit of financial status. He failed to comply with multiple provisions of the court's order.

The district court had a wide range of sanctions it could impose on James, including dismissal of the entire case. *See Lawson v. Kurtzhals*, 729 N.W.2d 251, 258 (Iowa 2010) ("In determining whether the court has abused its discretion, we must determine whether the trial court appropriately considered the options available."). Despite his failure to comply with the scheduling order, the court still allowed James to introduce his exhibits with proper foundation at

trial. James was not deprived of his ability to present evidence to the court in support of his contentions.

Furthermore, the record shows Ashley was prejudiced by James's failure to timely comply with the scheduling order. Ashley provided James with her witness and exhibit lists in advance of trial and in accordance with the trial scheduling order; James had the opportunity to adequately prepare. Ashley was not afforded that same kind of preparation with some documents having been provided mere days before trial. And although a continuance was never sought, the granting of one would have served James more than Ashley. *See Fry*, 818 N.W.2d at 130. A continuance further would have delayed consistency for the parties' child.

Conversely, James was not prejudiced by the exclusion of the testimony. In its order, the court noted, "[n]o testimony from the lay witnesses proposed to be called by petitioner would have cured th[e] defects" with James's case caused by his own testimony. The district court found the inclusion of the witnesses' testimony would not have provided any support for his case, because James himself was unable to offer credible testimony on the elements of a material change in circumstance or superior parenting. Thus, disallowing his witnesses from testifying did not prejudice James.

We find the district court did not abuse its discretion, and we affirm on this issue.

**B. Appellate Attorney Fees.**

Ashley requests an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re*

*Marriage of Okland,* 699 N.W.2d 260, 270 (Iowa 2005). In considering whether to award appellate attorney fees, we consider "'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *In re Marriage of Geil*, 509 N.W.2d 738, 743 (Iowa 1993)). We may also consider whether a party resisting the modification petition was successful, and whether a party has been obliged to defend the trial court's decision on appeal. *See In re Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995). After carefully considering each of these factors, we award $2000 in appellate attorney fees to Ashley. Costs on appeal shall be taxed to James.

**IV. Conclusion.**

Because we find the district court had the discretion to impose sanctions upon James for his failure to timely comply with the uniform trial scheduling order and the type of sanction was within the court's discretion, we affirm the district court.

**AFFIRMED.**